OPINION
{¶ 1} Defendant, William Lee Davis, appeals from his conviction and sentence for aggravated possession of drugs.
 {¶ 2} Defendant was indicted on one count of aggravated possession of drugs, over five times the bulk amount but less than fifty times the bulk amount of methamphetamine, in violation of R.C. 2925.11(A), a felony of the second degree, and one count of possession of criminal tools, R.C. 2923.24(A), a felony of the fifth degree. Pursuant to a plea agreement, Defendant entered a plea of guilty to the aggravated possession of drugs charge in exchange for a dismissal of the criminal tools charge. As part of the plea agreement, the parties agreed to jointly recommend a four year prison sentence. The possible prison sentence for a felony of the second degree is two, three, four, five, six, seven, or eight years in prison. R.C. 2929.14(A)(3). The trial court imposed the jointly recommended four year sentence.
 {¶ 3} We granted Defendant leave to file a delayed appeal.
FIRST ASSIGNMENT OF ERROR
 {¶ 4} "THE APPELLANT'S SENTENCE IS CONTRARY TO THE UNITED STATES AND OHIO CONSTITUTIONS, THE SIXTH AMENDMENT AND ARTICLE, SECTION 10, RESPECTIVELY, IN THAT HE HAS A LIBERTY INTEREST IN BENEFIT OF THE MINIMUM SENTENCE PURSUANT TO R.C. 2929.14(B), WHICH PROVIDES FOR A MINIMUM SENTENCE TO BE IMPOSED UPON A CRIMINAL OFFENDER. DENIAL OF THAT LIBERTY INTEREST BASED UPON A FACT NOT ADMITTED TO BY THE APPELLANT NOR FOUND BY A JURY, IS CONTRARY TO LAW AND A DENIAL OF THE ABOVE REFERENCED CONSTITUTIONAL GUARANTEES."
SECOND ASSIGNMENT OF ERROR
 {¶ 5} "APPLICATION OF PLAIN ERROR IS NECESSARY UNDER CRIMINAL RULE 52(B) TO APPELLANT'S APPRENDI, BLAKELY, AND BOOKER CLAIM IN ORDER TO PROTECT THE FAIRNESS, INTEGRITY, OR PUBLIC REPUTATION OF JUDICIAL PROCEEDINGS IN THE STATE OF OHIO."
 {¶ 6} Defendant argues that the trial court's imposition of more than the minimum two year sentence permitted by R.C.2929.14(A)(3) violates his Sixth Amendment rights pursuant to the rule of Blakely v. Washington (2004), 124 S.Ct. 2531,159 L.Ed.2d 403, and that this sentencing error constitutes "plain error." The State responds that Defendant's failure to raise hisBlakely claim before sentencing constitutes a waiver of that issue for purposes of appellate review. State v. Cressel (April 29, 2005), Montgomery App. No. 20337, 20348, 2005-Ohio-2013.
 {¶ 7} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court applied and followed Blakely to hold R.C. 2929.14(B) unconstitutional, to the extent that the section requires findings of fact made by the court in order to impose a term of imprisonment greater than the minimum prescribed by statute. Id., ¶ 61. Foster also held that in any case then pending on appeal in which the trial court made the prohibited statutory findings, the sentence must be vacated and the case remanded for resentencing. Id., ¶ 104. That latter holding necessarily modifies our holding in Cressel, at least with respect to cases that were pending on appeal when Foster was decided.
 {¶ 8} Foster was decided on February 27, 2006. Defendant-Appellant's notice of appeal was filed on May 4, 2005. He is therefore eligible for the benefit of the holding inFoster. However, the Sixth Amendment violation identified inFoster has no application to Defendant's case. The trial court did not make the prohibited findings in support of the sentence it imposed because the court imposed the sentence that was jointly recommended, relieving the court of the R.C. 2929.14(B) findings requirement. State v. Manns, Clark App. No. 2000CA58, 2001-Ohio-1822.
 {¶ 9} Defendant and the State agreed to a four year sentence and the trial court imposed that recommended four year sentence. A four year prison term is, as we have said, within the range prescribed by R.C. 2929.14(A)(3). Therefore, it is one that is authorized by law. When a sentence is authorized by law and was jointly recommended by the State and the defendant, any error in imposing the sentence is not reviewable on appeal. R.C.2953.08(D); State v. Berryman (May 13, 2005), Montgomery App. No. 20611, 2005-Ohio-2531.
 {¶ 10} R.C. 2953.08(D) was enacted pursuant to authority conferred on the General Assembly by Article IV, Section 3(B)(2) of the Ohio Constitution to enact laws providing for the appellate jurisdiction of the courts of appeals. It is therefore jurisdictional, and bars our review of any error assigned concerning an agreed sentence the court imposed when the sentence is one authorized by law, whether ordinary or plain error.
 {¶ 11} In an addendum to his brief, which we granted Defendant leave to file, Defendant raises the additional argument that the trial court did not advise him about post release control as part of its sentence in the manner prescribed by the recent case of Hernandez v. Kelly, 108 Ohio St.3d 395,2006-Ohio-126. We disagree.
 {¶ 12} In Hernandez v. Kelly, supra, the Ohio Supreme Court held that, in accordance with R.C. 2967.28, when sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about post-release control, and is further required to incorporate that notice into its journal entry imposing sentence. Id. at ¶ 15;State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, at syllabus. Hernandez further held that unless a trial court includes post-release control in its sentence, the Adult Parole Authority is without authority to impose it. Id., at ¶ 20.
 {¶ 13} At the sentencing hearing the trial court notified Defendant that upon his release from prison he would be required to serve a period of post-release control, stating that "it's a mandatory three years." That notification was correct, and complies with Hernandez. Furthermore, in its journal entry imposing sentence the trial court stated that it had notified Defendant about post-release control. Thus, no violation of the requirements of Hernandez regarding post-release control is portrayed.
 {¶ 14} The assignments of error are overruled. The judgment of the trial court will be affirmed.
 {¶ 15} Because we have affirmed Defendant's conviction and sentence in our decision in this direct appeal, that decision renders moot Defendant's motion that he filed April 3, 2006, asking this court to impose a minimum sentence.
Donovan, J. And Valen, J., concur.
(Hon. Anthony Valen, retired from the Twelfth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).