OPINION
{¶ 1} Defendant-appellant Jamichael D. Lynn appeals from his conviction and sentence, following a guilty plea, for Rape. He contends that his sentence is disproportionate, in violation of R.C. 2929.11(B), and that, in any event, his sentence must be reversed under the authority of State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, and this cause must be remanded for re-sentencing. He also contends that his trial counsel was ineffective for having failed to object to the sentence.
 {¶ 2} The State contends that Lynn waived any Foster defect in his sentence when he failed to raise the issue in the trial court. The State also contends that appellate review of Lynn's sentence is precluded under R.C. 2953.08(D), because his sentence fell within a range that had been established by agreement between Lynn and the State.
 {¶ 3} We conclude that Lynn's sentence must be reversed under the authority of State v. Foster, supra, thereby mooting his other arguments. We disagree with the State's waiver argument, based upon our interpretation of the handling of the waiver issue in State v.Foster, supra. Finally, we conclude that R.C. 2953.08(D), by its terms, only prevents appellate review "under this section" — being R.C. 2953.08
— and that Lynn is not seeking appellate review under R.C. 2953.08, but under the authority of State v. Foster, supra, which, in turn, is based upon constitutional principles.
 I {¶ 4} Lynn entered into a plea bargain with the State under the terms of which he pled guilty to one count of Rape of a Child Under the Age of Thirteen, in violation of R.C. 2907.02(A) (1 )(b), a felony of the first degree. As part of the plea agreement, the State and Lynn agreed that Lynn would be sentenced within a range of from three to five years imprisonment. The trial court imposed a sentence of five years.
 {¶ 5} Lynn appeals from his conviction and sentence. His appellate counsel initially filed a brief pursuant to Anders v. California (1967),386 U.S. 738, indicating that he could find no potentially meritorious issues for review. Upon performing our duty, under Anders, of independent review, we identified a sentencing issue under State v.Foster, supra, rendering this appeal other than wholly frivolous. By entry dated September 18, 2006, we directed appellate counsel to file a brief framing an appropriate assignment of error raising that issue, and "any additional assignments of error that counsel, in counsel's professional judgment, deems potentially meritorious."
 {¶ 6} This appeal is now submitted for decision on the merits, based upon the subsequent brief filed on Lynn's behalf, and the State's answer brief.
 II {¶ 7} Lynn's First Assignment of Error is as follows:
 {¶ 8} "THE TRIAL COURT FAILED TO FOLLOW THE REQUIREMENTS OF O.R.C.2929.11(B). APPELLANT'S SENTENCE IS INCONSISTENT WITH SENTENCES OF SIMILAR OFFENDERS, AND A LESSER SENTENCE IS COMMENSURATE WITH AND WOULD NOT DEMEAN THE SERIOUSNESS OF THE OFFENSE AND IMPACT ON THE VICTIM."
 {¶ 9} R.C. 2929.11(B) provides as follows:
 {¶ 10} "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section [to protect the public from future crime by the offender and others, and to punish the offender], commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 11} Although Lynn's express assignment of error is couched solely in terms of the proportionality requirements of R.C. 2929.11(B), he concludes his argument in support of this assignment of error as follows:
 {¶ 12} "State v. Foster (2006), 109 Ohio St.3d 1 requires that sentences imposed before the decision of State v. Foster, and which are `pending on direct review' or to which a defendant had not appealed but such appeal time had not expired, be remanded for re-sentencing. Id.;State v. Lynn (Sept. 18, 2006), 2nd Dist. Per Curiam Dec. and Entry, C.A. No. 21484. Appellant received his sentence prior to the Court's decision in Foster, and he timely filed his appeal. The matter must be remanded for re-sentencing."
 {¶ 13} As Lynn notes, we held in our decision and entry of September 18, 2006, in this appeal, that although his appeal technically was not pending when State v. Foster was decided, because he had not yet filed his appeal on that date, the purposes of the holding, at 1J104 ofState v. Foster, supra, that cases "pending on direct review" be remanded for re-sentencing are equally applicable in a case where the time for appeal had not yet expired when Foster was decided, but an appeal is subsequently perfected within the 30-day time limit.
 {¶ 14} The State interposes two arguments against reversal on the authority of State v. Foster. The most fundamental is that we are without jurisdiction to review Lynn's sentence, because it is an agreed sentence, and R.C. 2953.08(D) precludes review of an agreed sentence. As the State notes, we held in State v. Carson, 2004-Ohio-5809, Montgomery App. No. 20285, that R.C. 2953.08(D) applies even when the agreement is to a sentencing range, rather than to a particular sentence.
 {¶ 15} The State also cites State v. Davis, 2006-Ohio-4005, Montgomery App. No. 21047, for the proposition that R.C. 2953.08(D) precludes appellate review under State v. Foster, supra. At ¶ 9 of State v.Davis, supra, we did say: "When a sentence is authorized by law and was jointly recommended by the State and the defendant any error in imposing the sentence is not reviewable on appeal. R.C. 2953.08(D); State v.Berryman (May 13, 2005), 2005-Ohio-2531, Montgomery App. No. 20611." (Emphasis added.)
 {¶ 16} Upon reflection, we conclude that the quoted sentence inState v. Davis, supra, is too broad. That case involved a four-year sentence to which both the defendant and the State had agreed, not a sentencing range. By his agreement to the four-year sentence, the defendant in State v. Davis, supra, waived any complaint about the severity of the sentence, assuming that it was within the trial court's statutory sentencing power, without regard to the application of R.C.2953.08(D).
 {¶ 17} R.C. 2953.08(D), upon which the State relies, provides as follows:
 {¶ 18} "A sentence imposed upon a defendant is not subject to reviewunder this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge. A sentence imposed for aggravated murder or murder pursuant to sections 2929.02 to 2929.06 of the Revised Code is not subject to review under this section." (Emphasis added.)
 {¶ 19} R.C. 2953.08, the section of the Ohio Revised Code referred to in the emphasized phrase quoted above, provides for appellate review of sentences under certain defined circumstances, but these are not intended to be all-encompassing. See R.C. 2953.08(A): "In addition to any other right to appeal * * * ." The particular circumstances covered in R.C. 2953.08 include the situations where a trial court has made the findings necessary for the imposition of consecutive, maximum, or more-than-minimum sentences. R.C. 2953.08(G).
 {¶ 20} In our view, the reversals and remands for resentencing required by ]}104 of State v. Foster, supra, are not the subject or occasion of appellate review under R.C. 2953.08, parts of which are actually invalidated and severed by the holding in State v. Foster. To the contrary, these are appellate reviews under the authority ofState v. Foster, not under the authority of R.C. 2953.08, and it is noteworthy that the holding in State v. Foster derives from constitutional principles, not the statute.
 {¶ 21} Accordingly, we conclude that R.C. 2953.08(D) does not preclude the reversal of an agreed-upon sentence upon the authority of State v.Foster, and to the extent that the holdings in State v. Davis, supra, and State v. Berryman, supra, are inconsistent in that regard, those holdings are overruled.
 {¶ 22} The State next argues that Lynn waived any defect in his sentence under State v. Foster, supra, when he failed to object to his sentence. The State notes that Lynn's sentence was imposed afterBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403, one of the cases animating the decision in State v. Foster, was decided. The State cites the following sentence in ]}31 of State v.Foster: "Foster could not have relinquished his sentencing objections as a known right when no one could have predicted that Blakely [v.Washington, supra] would extend the Apprendi [v. New Jersey,530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435] doctrine to redefine `statutory maximum.'" But the Ohio Supreme Court goes on to add:
 {¶ 23} "In addition, we note that Blakely's guilty plea did not create an inference that he waived a jury's finding of the additional fact of `deliberate cruelty.' See Blakely, 542 U.S. at 310, 124 S.Ct. 2531,159 L.Ed.2d 403 ('When a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant eitherstipulates to the relevant facts or consents to judicialfactfinding' (emphasis added)). We have no such stipulations or consent to judicial factfinding in any of the cases before us.
 {¶ 24} "Furthermore, Blakely's Sixth Amendment holding has been applied retroactively to cases pending on direct appeal in states that have found it applicable to their statutes. See, e.g., Lopez v.People (Colo. 2005), 113 P.3d 713, 716; Smylie v. State,823 N.E.2d at 688 (Indiana); State v. Natale (2005), 184 N.J. 458, 494, 878 A.2d 724;State v. Houston (Minn. 2005), 702 N.W.2d 268, 273."
 {¶ 25} Finally, at If 104, State v. Foster, supra, orders: "These cases and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent with this opinion[,]" making no exception for cases in which the sentence was imposed after Blakely v. Washington was decided and no objection was interposed to the sentence.
 {¶ 26} In our view, even if we were to regard the waiver issue as open, after State v. Foster, supra, we conclude that successful prediction of the outcome of State v. Foster was at least as problematic as successful prediction of the outcome of Blakely v. Washington, supra, so that even after Blakely v. Washington was decided, a criminal defendant's failure to have anticipated the application ofBlakely in State v. Foster would be no more a knowing and intelligent waiver than would a criminal defendant's failure to have anticipated the extension of Apprendi v. New Jersey, supra, in Blakely.
 {¶ 27} Because we conclude that Lynn's sentence must be reversed, and this cause must be remanded for re-sentencing, under the authority ofState v. Foster, supra, we conclude that it is premature to consider his disproportionality arguments. He is free to argue proportionality at his sentencing hearing on remand, and to make up a suitable record on that issue.
 {¶ 28} Lynn's First Assignment of Error is sustained, to the limited extent that we agree with him that his sentence must be reversed, and this cause must be remanded for re-sentencing, under the authority ofState v. Foster, supra.
 III {¶ 29} Lynn's Second Assignment of Error is as follows:
 {¶ 30} "APPELLANT'S TRIAL COUNSEL'S FAILURE TO OBJECT TO APPELLANT'S SENTENCE CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 31} In view of our disposition of Lynn's First Assignment of Error, his Second Assignment of Error is overruled as moot.
 IV {¶ 32} Lynn's First Assignment of Error having been sustained to the extent noted, the sentence imposed by the trial court is Reversed, and this cause is Remanded for re-sentencing in accordance with State v.Foster, supra.
GRADY, P.J., and BROGAN, J. concur.