OPINION *Page 2 
{¶ 1} Defendant-appellant, Leslie Long, appeals from a Belmont County Common Pleas Court judgment sentencing her to nine years in prison following her conviction for attempted murder.
 {¶ 2} On March 2, 2005, a Belmont County grand jury indicted appellant on one count of attempted murder, a first-degree felony in violation of R.C. 2923.02(A) and R.C. 2903.02(A), for attempting to have her husband murdered.
 {¶ 3} Appellant eventually pled guilty to the charge. As part of the plea, appellant and plaintiff-appellee, the State of Ohio, agreed to at least a minimum sentence of eight years. However, the plea agreement noted that at the sentencing hearing, appellant would be arguing for an eight-year sentence while the state would be arguing for a ten-year sentence. The trial court found appellant guilty. It then held a sentencing hearing on August 26, 2005.
 {¶ 4} At the hearing, the court heard from appellant, and listened to testimony from witnesses and arguments of counsel. It then sentenced her to nine years in prison. In its judgment entry, the court found, among other things, that imposing the minimum sentence on appellant would demean the seriousness of the offense.
 {¶ 5} Appellant filed a timely notice of appeal on October 11, 2005.
 {¶ 6} While this appeal was pending, the Ohio Supreme Court held that the provision of the Revised Code relating to non-minimum sentences, R.C. 2929.14(B) and (C), are unconstitutional because they require "judicial fact-finding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant." State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, paragraph one of the syllabus. (Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435; Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403; and United States v.Booker (2005), 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621, followed.)
 {¶ 7} The Court went on to hold that the unconstitutional provisions could be severed. Id., at paragraph two of the syllabus. Since the provisions could be severed, *Page 3 
severed, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id., at paragraph seven of the syllabus.
 {¶ 8} Appellant raises a single assignment of error, which states:
 {¶ 9} "THE TRIAL COURT ERRED BY SENTENCING MS. LONG TO PRISON BASED ON FACTS NOT FOUND BY A JURY OR ADMITTED BY MS. LONG (TR. 48-58)."
 {¶ 10} Appellant argues that her sentence is void underFoster and Blakely. She further argues that she is entitled to a presumption of a minimum sentence. Appellant argues that to remand her case for resentencing without an instruction that she is entitled to a minimum sentence violates the Ex Post Facto and Due Process Clauses of the United States Constitution. For this reason, she asks that this court simply modify her sentence to three years or, in the alternative, remand her case for resentencing.
 {¶ 11} Appellee, however, argues that because appellant entered a plea agreement in which she agreed to a minimum sentence of eight years, she cannot now raise a Foster issue because the trial court abided by the plea agreement in sentencing her. It further argues that the trial court based its sentence on facts admitted to by appellant in her plea agreement and on facts that it presented at the sentencing hearing, which appellant could have objected to. Therefore, appellee contends, the trial court did not impose an illegal sentence.
 {¶ 12} Appellant was convicted of a first-degree felony. The possible prison sentences for first degree felonies are three, four, five, six, seven, eight, nine, or ten years. R.C. 2929.14(A)(1). The trial court sentenced appellant to nine years. Thus, it sentenced her to a more-than-minimum prison term.
 {¶ 13} In her plea agreement, appellant and the state agreed to "at least a minimum sentence of 8 years." But the parties also agreed that at the sentencing hearing, appellant would argue for the court to impose an eight-year sentence while the *Page 4 
the state would argue for a ten-year sentence.
 {¶ 14} Pursuant to R.C. 2953.08(D)(1), "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." And at least two districts have held that when a defendant enters into a plea agreement with an agreed-upon sentence, and the court imposes the agreed upon sentence, the defendant waives a Foster challenge to his or her sentence. See State v. Davis, 2d Dist. No. 21047, 2006-Ohio-4005, at ¶ 8-9; State v. Harris, 6th Dist. No. S-05-014, 2006-Ohio-1395, at ¶ 15. Furthermore, before Foster was decided, at least two other districts held that defendants who entered into plea agreements that included agreed-upon sentences waived Apprendi/Blakely challenges on appeal. See State v. Dennison, 10th Dist. No. 05AP-124, 2005-Ohio-5837, at ¶ 12; State v. Ranta, 8th Dist. No. 84976, 2005-Ohio-3692, at ¶ 17.
 {¶ 15} Thus, it might appear that appellant has waived anyFoster/Blakely challenges to her sentence since she entered into a plea agreement that included a sentencing recommendation. However, this case is different from those cited above. For instance, the court inDavis stated that, "the Sixth Amendment violation identified inFoster has no application to Defendant's case. The trial court did notmake the prohibited findings in support of the sentence it imposed because the court imposed the sentence that was jointly recommended, relieving the court of the R.C. 2929.14(B) findings requirement." (Emphasis added.) Davis, 2d Dist. No. 21047, at ¶ 8. And in all of the other cases, the defendant and the state agreed to a specific term of years for the sentencing recommendation. On the contrary, in the case sub judice, the trial court did make the prohibited findings in support of the sentence it imposed because the parties agreed only to arange of sentences, not a particular sentence.
 {¶ 16} The fact that appellant and the state agreed to a non-minimum range of sentences rather than a specific sentence is enough to distinguish this case from those *Page 5 
those cited above and allow appellant to raise a Foster challenge. Also, the fact is that the trial court did rely on the unconstitutional factors set out in R.C. 2929.14(B) and (C) in order to reach its sentence of nine years.
 {¶ 17} Since this court finds that a Foster challenge is permissible, we must go on to analyze appellant's argument as follows.
 {¶ 18} Appellant argues that Foster's remedy of remanding for resentencing within the trial court's discretion violates the Ex Post Facto and Due Process Clauses of the Constitution. This argument is not yet ripe for review because appellant has yet to be sentenced underFoster. See State v. Stroud, 2006-Ohio-7079; State v. DiCarlo,2006-Ohio-7080.
 {¶ 19} In the alternative, appellant argues that her sentence is illegal under Foster and asks that we remand it for resentencing. This is the proper remedy.
 {¶ 20} The trial court sentenced appellant on August 26, 2005 — well before the Ohio Supreme Court decided Foster. And the trial court clearly relied on R.C. 2929.14(B) in reaching its sentence. Specifically, the court found that imposing the minimum sentence of three years would demean the seriousness of the offense, as was required under R.C. 2929.14(B)(2).[1] It also cited to R.C. 2929.14(C), which lists the findings necessary to impose a maximum sentence, in support of its sentence although it did not impose the maximum sentence.
 {¶ 21} Since the trial court's imposition of a more than minimum sentence was based on R.C. 2929.14(B), which has been found unconstitutional in Foster, appellant's sentence must be reversed accordingly.
 {¶ 22} After Foster, the trial court no longer needs to give reasons or findings prior *Page 6 
prior to imposing maximum, consecutive and/or more than minimum sentences. The Court held that:
 {¶ 23} "These cases and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent with this opinion. We do not order resentencing lightly. Although new sentencing hearings will impose significant time and resource demands on the trial courts within the counties, causing disruption while cases are pending on appeal, we must follow the dictates of the United States Supreme Court. Ohio's felony sentencing code must protectSixth Amendment principles as they have been articulated.
 {¶ 24} "Under R.C. 2929.19 as it stands without (B)(2), the defendants are entitled to a new sentencing hearing although the parties may stipulate to the sentencing court acting on the record before it. Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively. While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties.United States v. DiFrancesco (1980), 449 U.S. 117, 134-136,101 S.Ct. 426, 66 L.Ed.2d 328."
 {¶ 25} The same day Foster was decided, the Ohio Supreme Court decided a companion case. State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855,846 N.E.2d 1. In Mathis, the Court clarified Foster adding:
 {¶ 26} "Although after Foster, the trial court is no longer compelled to make findings and give reasons at the sentencing hearing since R.C.2929.19(B)(2) has been excised, nevertheless, in exercising its discretion the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by statutes that are specific to the case itself." Id. at ¶ 38. *Page 7 
 {¶ 27} As an aside, it should be noted that the issue of waiver has arisen in other Foster related cases before this Court and other Ohio appellate district courts of appeal as well. The issue is whether the lack of objection in the trial court waives the Blakely issue for purposes of appeal when the sentencing occurred after theBlakely decision was announced. The Ohio Supreme Court inFoster and its progeny have created an exception to the doctrine of waiver. Accordingly, this Court has found the doctrine of waiver inapplicable to Foster related cases. State v. Buchanan, 7th Dist. No. 05-MA-60, 2006-Ohio-5653.
 {¶ 28} Appellant's assignment of error has merit.
 {¶ 29} Thus, for the reasons stated above, appellant's sentence is hereby reversed and the matter is remanded for resentencing consistent with State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.
Waite, J., concurs.
DeGenaro, P J., concurs.
[1] It should be noted that the trial court did not make the then-required statutory findings at the sentencing hearing as would have been required at the time, but only made the findings in its journal entry. However, the Ohio Supreme Court has affirmed decisions to remand because of Blakely even though the trial courts in those cases failed to make the statutorily required findings. See In re Ohio CriminalSentencing Statutes Cases, 109 Ohio St.3d 313, 2006-Ohio-2109,847 N.E.2d 1174 (affirming both State v. Baccus, 1st Dist. No. C-040028,2005-Ohio-3407, and State v. Mason, 8th Dist. No. 84061,2004-Ohio-5388). *Page 1