OPINION
{¶ 1} Defendant-appellant Joseph Johnson appeals from his conviction and sentence, following a guilty plea, on one count of Engaging in a Pattern of Corrupt Activity, one count of Conspiracy to Commit Engaging in a Pattern of Corrupt Activity, five counts of Burglary, one count of Attempted Burglary, one count of Receiving Stolen Property, and one count of Possession of Criminal Tools. Johnson contends that the trial court erred in accepting his plea because it misrepresented to him what the consequences of his plea would be, that his trial counsel was ineffective for having failed to object to the sentence, and for having failed to file a timely notice of appeal, and that his sentence must be reversed in accordance with State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856.
 {¶ 2} We agree with Johnson that he was misled concerning the consequences of his plea, because he was told that he would receive a concurrent sentence of three years for the first two counts, whereas he was sentenced to nine years for the first count, seven years for the second count, four years each for the third through eighth counts, and eleven months each for the ninth and tenth counts, all to be served concurrently, for an aggregate sentence of nine years. In view of the fact that no representations were made to Johnson concerning the sentences that would be imposed for the third through tenth counts, we conclude that the better remedy in this case is specific performance. Therefore, the cause will be remanded for the imposition of a sentence that does not violate the promise made to Johnson that he would receive a concurrent sentence of three years on the first two counts. Also, we agree with Johnson that his sentence must be reversed in accordance withState v. Foster, supra. On remand, the trial court shall impose a sentence that includes a three-year concurrent *Page 3 
sentence for the first and second counts, together with appropriate sentences for the remaining eight counts, in the exercise of the trial court's discretion under State v. Foster, supra.
 {¶ 3} Our disposition of Johnson's First and Third assignments of error renders harmless any ineffective assistance of counsel as asserted in his Second Assignment of Error.
 I {¶ 4} Johnson was charged by indictment with one count of Engaging in a Pattern of Corrupt Activity, one count of Conspiracy to Commit Engaging in a Pattern of Corrupt Activity, five counts of Burglary, one count of Attempted Burglary, one count of Receiving Stolen Property, and one count of Possession of Criminal Tools. Pursuant to a plea agreement, Johnson pled guilty to all counts. For its part, the State agreed to recommend a three-year concurrent sentence on the Engaging in a Pattern of Corrupt Activity and Conspiracy to Commit Engaging in a Pattern of Corrupt Activity counts, and to recommend community control sanctions for the remaining counts, with an underlying sentence of six years for those counts.
 {¶ 5} The trial court specifically agreed to the three-year sentence for the first two counts, to which both parties had agreed, but reserved judgment on the appropriate sentence for the remaining counts, and ordered a pre-sentence investigation. Following receipt of a pre-sentence investigation report reflecting extensive juvenile offenses, the trial court imposed the following sentence: nine years for Engaging in a Pattern of Corrupt Activity, seven years for Conspiracy to Commit Engaging in a Pattern of Corrupt *Page 4 
Activity, four years for each of the five Burglary counts, four years for the Attempted Burglary count, eleven months for the Receiving Stolen Property count, and eleven months for the Possession of Criminal Tools count. The trial court ordered all the terms of imprisonment to be served concurrently, for an effective aggregate sentence of nine years.
 {¶ 6} From his conviction and sentence, Johnson appeals.
 II {¶ 7} Johnson's First Assignment of Error is as follows:
 {¶ 8} "APPELLANT'S CONSTITUTIONAL RIGHTS PURSUANT TO THE FIFTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WERE VIOLATED, AND HE ENTERED A CONSTITUTIONALLY INVALID PLEA WHICH SHOULD BE VACATED, AS THE TRIAL COURT FAILED TO CONFORM TO CRIMINAL RULE 11 WHEN ACCEPTING APPELLANT'S PLEA OF GUILT AND MISINFORMED APPELLANT OF THE MAXIMUM SENTENCE HE WOULD RECEIVE."
 {¶ 9} From our review of the record, it is clear that the trial court gave Johnson an assurance that a concurrent three-year sentence would be imposed for the first and second counts:
 {¶ 10} "THE COURT: Okay. Now, I will tell you that — I will indicate to you that it is the Court's policy when the State and Defense agree to a specific term of years, that I will go along with that. So I will tell you that in regard to Counts I and II, if this plea is accepted and you are found guilty, that as to Counts I and II, I will impose the three-year sentence. *Page 5 
 {¶ 11} "Now, do you also understand, in regard to the recommendation of community control [on the remaining eight counts], I can only tell you that that's a recommendation that I could very well follow, but I make no promise or guarantee to you that simply because you're pleading guilty I will, in fact, follow that recommendation? Do you understand that?
 {¶ 12} "THE DEFENDANT: Yes, sir, I do.
 {¶ 13} "THE COURT: I won't tell you I won't do it, but I can't at this moment tell you I will do it. I don't know if I'm clear on that. I just want to make sure you know I may very well follow that, but I'm not going to guarantee or promise you what I'm going to do other than that first portion of the sentence where we discussed that three years. Do you understand that?
 {¶ 14} "THE DEFENDANT: Yes."
 {¶ 15} At the end of the plea hearing, it was made clear that the three-year sentence for the first two counts was a concurrent sentence:
 {¶ 16} "MR. O'BRIEN [representing Johnson]: Your Honor, one thing. On Counts I and II, the three years there, with the agreement between the State and Defense, is that time to be run concurrently?
 {¶ 17} "MR. HUNTER [representing the State]: That's correct, Your Honor.
 {¶ 18} "THE COURT: All right. I guess I kind of assumed that as we were talking, three years for both of those counts. That will be fine. Thank you. Bond will be continued."
 {¶ 19} It is clear from the portions of the transcript quoted above that the trial court gave Johnson its assurance that a three-year concurrent sentence would be *Page 6 
imposed for the first two counts, but it is equally clear that no assurance was given concerning the sentence that would be imposed for the remaining eight counts. The trial court did comply with its duty, under Crim. R. 11, to inform Johnson of the maximum possible sentence: 52 years.
 {¶ 20} We agree with Johnson that the trial court, by imposing concurrent nine-and seven-year sentences, respectively, on the first two counts, violated the assurance it gave that a three-year concurrent sentence would be imposed for those offenses. Because a plea agreement is contractual in nature, remedies available for the breach of a plea agreement include the traditional contractual remedies of rescission — in this context, the vacation of Johnson's plea — and specific performance. Santobello v. New York (1971), 404 U.S. 257, 92 S.Ct. 495,30 L.Ed.2d 427. Johnson seeks the vacation of his plea.
 {¶ 21} On this record, we conclude that specific performance is a more appropriate remedy. Although packaged inappropriately, in violation of the plea bargain, the nine-year sentence was one that Johnson could well have anticipated. The State had recommended that a six-year sentence should underlie the community control sanction it was recommending for Counts III through X. In view of Johnson's extensive juvenile record, he could have foreseen a substantial likelihood that the trial court would not go along with the recommendation of a community control sanction for those counts, and, in that event, the imposition of a six-year sentence for those eight counts, to be served consecutively to the three-year concurrent sentence imposed for the first two counts, would not have been surprising. We conclude, then, that there is nothing fundamentally unfair or unconscionable about the nine-year sentence that the trial court *Page 7 
imposed upon Johnson; the problem is that, as constructed, it is inconsistent with the terms of the plea bargain to which Johnson and the State agreed.
 {¶ 22} Johnson's First Assignment of Error is sustained.
 III {¶ 23} Johnson's Third Assignment of Error is as follows:
 {¶ 24} "APPELLANT'S SENTENCE WAS CONTRARY TO LAW."
 {¶ 25} In this assignment of error, Johnson asserts that his sentence must be reversed upon the authority of State v. Foster, supra. ¶ 104 of State v.Foster mandates that sentences in cases pending on direct appellate review must be reversed, and those causes must be remanded for re-sentencing in accordance with Foster. We have applied that mandate in a case in which a sentence was imposed before Foster was decided, but the appeal, although timely, was not filed until after Foster was decided. State v. Lynn, 2007-Ohio-438, Montgomery App. No. 21484.
 {¶ 26} The only distinction between State v. Lynn, supra, and the case before us is that in this case the sentence was imposed in 2004, long before Foster was decided, but we granted a motion for leave to file a delayed appeal. In our view, the principle is the same. When we granted the motion for leave to file a delayed appeal, Johnson's appeal became, in effect, timely, because we concluded that he had a sufficient reason for the delay in his filing of the notice of appeal. That renders his case indistinguishable from State v. Lynn, supra. Another way of looking at it is that the finality of Johnson's conviction and sentence, when his original, thirty-day appeal time expired, was subject to the contingency of our granting a motion for leave to file a delayed appeal, and when we granted his motion for leave, his conviction and sentence were no longer final. This *Page 8 
put him in the same category as the defendant in State v. Lynn, supra, whose judgment of conviction and sentence was not final when State v.Foster, supra, was decided.
 {¶ 27} Johnson's Third Assignment of Error is sustained.
 IV {¶ 28} Johnson's Second Assignment of Error is as follows:
 {¶ 29} "APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION."
 {¶ 30} In support of this assignment of error, Johnson argues that his trial counsel was ineffective for having failed to object to the sentence upon the ground that it violated the terms of the plea bargain, and for having failed to file a timely notice of appeal. Both of these deficiencies of counsel have turned out to be harmless. We have granted Johnson's motion for leave to file a delayed appeal, thus putting him in the same position he would have been in had he filed a timely notice of appeal. And, by sustaining his First Assignment of Error, we have granted Johnson the relief to which he would have been entitled had he objected to his sentence.
 {¶ 31} Johnson's Second Assignment of Error is overruled as harmless.
 V {¶ 32} Johnson's First and Third assignments of error having been sustained, and his Second Assignment of Error having been overruled as harmless, the sentence imposed by the trial court is Reversed, and this cause is Remanded for re-sentencing in *Page 9 
accordance with the plea agreement that Johnson would receive a concurrent three-year sentence on Counts I and II of the indictment, and in accordance with State v. Foster, supra.
 BROGAN and DONOVAN, JJ., concur. *Page 1