OPINION
{¶ 1} This matter is before the Court on the pro se Notice of Appeal of Kilo Simmons, *Page 2 
filed September 24, 2007. On May 18, 2004, Simmons was indicted on one count of aggravated robbery (deadly weapon), in violation of R.C. 2913.01(K), and one count of felonious assault (deadly weapon), in violation of R.C. 2903.11(A)(2), with a three year firearm specification. Simmons pled not guilty. On June 8, 2004, Simmons filed a motion to suppress, which he withdrew on June 29, 2004. On June 30, 2004, Simmons pled guilty to aggravated robbery, a felony of the first degree, and the other charges against him were dismissed. Simmons was sentenced to an agreed sentence of six years, to be served concurrently with the sentence imposed in Case. No. 1998-CR-1895, in which Simmons violated the terms of his judicial release. On February 1, 2007, Simmons filed a motion to withdraw his guilty plea, and a motion to appoint counsel, which the trial court overruled on August 22, 2007. Simmons' pro se Notice of Appeal "gives Notice of Appeal from the judgment * * * denying Appellant Simmons his Motion to Withdraw Guilty Plea and the Appointment of Counsel."
 {¶ 2} On February 6, 2008, counsel for Simmons filed a brief pursuant to Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396, stating that he can find no meritorious issues for appellate review. On February 14, 2008, the State filed a Response which provides, "if this Court determines that an appealable issue may exist, the State asks that this Court appoint new counsel for Appellant to brief any such issue, and to allow the Appellee an opportunity to respond."
 {¶ 3} As a potential issue, Simmons' counsel posits one assignment of error as follows:
 {¶ 4} "THE TRIAL COURT ERRED WHEN IT SENTENCED THE APPELLANT TO A TERM GREATER THAN THE MINIMUM SENTENCE."
 {¶ 5} Simmons and the State agreed to a six year sentence and the trial court imposed *Page 3 
that recommended six year sentence. Simmons' sentence is within the range prescribed by R.C. 2929.14(A)(1). Therefore, it is one authorized by law. "When a sentence is authorized by law and was jointly recommended by the State and the defendant, any error in imposing the sentence is not reviewable on appeal. R.C. 2953.08(D)." State v.Davis, Montgomery App. No. 21047, 2006-Ohio-4005. Simmons' potential assignment of error is overruled.
 {¶ 6} On April 9, 2008, Simmons filed a pro se brief asserting five assignments of error.
 {¶ 7} We will address Simmons' first and second assignments of error together. They are as follows:
 {¶ 8} "THE TRIAL COURT ERRED IN DENYING THE MOTION TO WITHDRAW GUILTY PLEA OF APPELLANT SIMMONS, PURSUANT TO OHIO RULES OF CRIMINAL PROCEDURE RULE 32.1, WHERE GUILTY PLEA WAS THE PRODUCT OF THE DENIAL OF THE FIFTH,SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION RIGHT TO FAIR NOTICE OF THE CHARGES AND CONSEQUENCES OF THE PENALTY FACED." And,
 {¶ 9} "DEFENDANT-APPELLANT WAS DENIED DUE PROCESS AND EQUAL PROTECTION, AS GUARANTEED BYE (sic) THE DUE PROCESS AND EQUAL PROTECTION CLAUSES OF THE UNITED STATES CONSTITUTION, WHERE THE TRIAL COURT FAILED TO PROVIDE THAT INFORMATION SO THAT A KNOWING, INTELLIGENT, AND VOLUNTARY WAIVER OF SUBSTANTIAL CONSTITUTIONAL RIGHTS COULD BE MADE CONSISTENT WITH THE UNIFORM APPLICATION OF CRIMINAL RULE 11(C)." *Page 4 
 {¶ 10} A motion to withdraw a plea of guilty or no contest is governed by Crim. R. 32.1, which provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 11} "A manifest injustice comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her." State v. Hartzell (Aug. 20, 1999), Montgomery App. No. 17499.
 {¶ 12} Initially, Simmons argues that the Crim. R. 11 "colloquy between the trial court and Appellant Simmons failed to comply with the due process and equal protection federal mandate of fair notice of the charges and ultimate consequences of the penalty faced. Said fair notice standards require any charges or penalty greater than the statutory maximum [sic] having to be proven to a jury beyond a reasonable doubt." Simmons cites Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, and State v. Foster (2006), 109 Ohio St.3d 1, 845 N.E.2d 470,2006-Ohio-856. Simmons argues that his six year sentence "is illegal where any factors that would justify enhancing the term above the three (3) year statutory minimum were never proved to a jury beyond a reasonable doubt," and that a manifest injustice occurred.
 {¶ 13} Simmons received the sentence he and the State presented to the trial court as an agreed sentence. Further, the trial court did not make prohibited findings in support of Simmons' sentence. The arguments that Simmons raises with respect to Blakely relate to Simmons' sentence, which was agreed upon by the parties, rather than his guilty plea. As we noted above, any error in imposing the sentence is not reviewable on appeal. R.C. 2953.08(D); *Page 5 State v. Davis. Further, Simmons has not proven that he could not have sought relief through another form of application reasonably available to him. Hartzell. Accordingly, Simmons did not suffer a manifest injustice.
 {¶ 14} Simmons also asserts that the trial court failed to substantially comply with Crim. R. 11 "where Appellant Simmons never subjectively understood the implications of his plea nor the constructive rights he was waiving." Since Simmons did not demonstrate a manifest injustice, he cannot obtain relief pursuant to Crim. R. 32.1. Even if he had demonstrated a manifest injustice, these assignments of error would be overruled because the trial court substantially complied with Crim. R. 11(C).
 {¶ 15} "The basic tenets of due process require that a guilty plea be made `knowingly, intelligently, and voluntarily.'
 {¶ 16} "Crim. R. 11(C) `was adopted * * * to facilitate a more accurate determination of the voluntariness of a defendant's plea by ensuring an adequate record for review.' A court must strictly comply with the provisions of Crim. R. 11(C) relating to the constitutional rights enumerated in Boykin v. Alabama [(1969), 395 U.S. 238,89 S.Ct. 1709] that a defendant waives by entering a plea. But Crim. R. 11(C) also requires the court to inform the defendant of other matters before accepting a plea, such as the maximum sentence that the court could impose and if the defendant is eligible for probation. A court must substantially comply with the provisions of Crim. R. 11(C) regarding these other notifications.
 {¶ 17} "`Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. * * * Furthermore, a defendant who challenges his guilty plea on the basis that it was not *Page 6 
knowingly, intelligently, and voluntarily made must show a prejudicial effect. * * * The test is whether the plea would have otherwise been made.'" State v. Simmons, Hamilton App. No. C-050817, 2006-Ohio-5760, at ¶ 10-12.
 {¶ 18} Simmons' assertions regarding his plea are belied by the transcript of his Crim. R. 11 plea hearing. At the plea/sentencing hearing, the State advised Simmons of the nature of the aggravated robbery charge against him, and Simmons indicated that he understood. After the charge was explained, the court advised Simmons of the maximum penalty Simmons could have received and the agreed sentence that the court would impose. Simmons was advised of the rights he was giving up by entering his plea. Simmons indicted that he had discussed his case with his attorney and that he was satisfied with his representation. Simmons was given the opportunity to ask questions, and he did not exhibit any disagreement. Simmons was allowed to speak, and he apologized for his actions.
 {¶ 19} Under the totality of the circumstances, the trial court strictly complied with Crim. R. 11(C) regarding the constitutional rights Simmons would waive by entering his plea and substantially complied with the rule in all other respects. In other words, the trial court conducted a meaningful colloquy to determine that Simmons' plea was made knowingly, intelligently and voluntarily. Simmons' first and second assignments of error are overruled.
 {¶ 20} We will address Simmons' third and fourth assignments of error together. They are as follows:
 {¶ 21} "DEFENDANT-APPELLANT WAS DENIED HIS SIXTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION RIGHT TO THE EFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL, WHERE *Page 7 
TRIAL COUNSEL FAILED TO OBJECT OR DEFEND AGAINST ILLEGAL CHARGES AND PENALTIES NOT HAVING BEEN PROVEN TO A JURY BEYOND A REASONABLE DOUBT, AND APPELLATE COUNSEL REFUSED TO RAISE SAID ISSUE BASED IN APPELLANT SIMMONS CLASS AS INDIGENT." And,
 {¶ 22} "DEFENDANT-APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO TRIAL AND APPELLATE COUNSEL, WHERE COUNSEL ABANDONED MOTION TO SUPPRESS EVIDENCE THAT RAISED FEDERAL CONSTITUTIONAL CLAIMS AND APPELLATE COUNSEL REFUSED TO RAISE SAID FEDERAL CLAIMS ON APPEAL."
 {¶ 23} Simmons argues that he received ineffective assistance due to "defense counsel's failure to object or otherwise defend against illegal sentence enhancement," and counsel's failure to proceed with the motion to suppress.
 {¶ 24} "[T]he entry of a voluntary guilty plea waives * * * a claim [of ineffective assistance of counsel] except to the extent that counsel's deficient performance causes the plea to be less than knowing and voluntary." State v. Williamson, Montgomery App. No. 21965,2008-Ohio-4727.
 {¶ 25} Simmons indicated to the trial court that he was satisfied with his counsel's representation. We have concluded above that Simmons' plea was knowing and voluntary. Nothing in this record demonstrates deficient performance by counsel nor did Simmons object at the time to withdrawal of his motion to suppress. Simmons' third and fourth assignments of error are overruled.
 {¶ 26} Simmons' fifth assignment of error is as follows: *Page 8 
 {¶ 27} "THE SENTENCE OF DEFENDANT-APPELLANT IS VOID, WHERE THE TRIAL COURT FAILED TO MEET THE REQUIREMENTS OF OHIO REVISED CODE SECTIONS 2929.19(B)(3) AND 2967.28 REGARDING FAIR NOTICE OF POST-RELEASE CONTROL, WHICH EXISTS AS A VIOLATION OF THE DUE PROCESS AND EQUAL PROTECTION CLAUSES OF THE UNITED STATES CONSTITUTION."
 {¶ 28} As the State correctly notes, Simmons is appealing the denial of his motion to withdraw his guilty plea, and the issue of his notice regarding postrelease control at sentencing is not properly before us. This assigned error could have been properly raised in a direct appeal. Accordingly, Simmons' fifth assignment of error is overruled.
 {¶ 29} In addition to reviewing the possible issues for appeal raised by Simmons' appellate counsel and Simmons, we have conducted an independent review of the record pursuant to our responsibilities underAnders and have found no error having arguable merit. Judgment affirmed.
 WOLFF, P.J. and FAIN, J., concur. *Page 1