OPINION
{¶ 1} Defendant, Dannie Slaven, appeals from his convictions for one count of Rape, R.C. 2907.02(A)(1)(b), and two counts of Unlawful Sexual Conduct With A Minor, R.C. 2907.04(A), which were entered on his pleas of no contest following the trial court's denial of Slaven's *Page 2 
Crim. R. 12(C)(3) motion to suppress incriminating statements he made to police, and from the consecutive sentences of sixteen years imprisonment the trial court imposed for his three offenses.
 {¶ 2} Defendant presents two assignments of error on appeal. In his second assignment of error, Defendant argues that the trial court erred when it imposed three consecutive sentences totaling sixteen years, ten years for the Rape offense and three for each of the two Unlawful Sexual Conduct With A Minor offenses, when in accepting Defendant's no contest plea the court had unequivocally promised Defendant that his sentence would be within the range of from three to ten years.
 {¶ 3} The court may have intended that the limitation it promised applied to each individual sentence. However, a review of the record convinces us that the Defendant could reasonably have believed that the court referred to the total prison term he would be required to serve. The State confesses error. State v. Johnson, Greene App. No. 06CA43,2007-Ohio-1743. Defendant's second assignment of error is sustained.
 {¶ 4} Defendant argues in his first assignment of error that the trial court erred when it denied his motion to suppress incriminating statements he made to police, absent *Page 3 
the prior warnings and waiver of rights required by Miranda v.Arizona (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. The trial court found that though Defendant's statements were a product of police interrogation, prior Miranda warnings were not required because Defendant was not in custody or otherwise deprived of his freedom of movement to a degree associated with a formal arrest when he was interrogated. State v. Biros (1997), 78 Ohio St.3d 426. Defendant was arrested at the conclusion of the interrogation.
 {¶ 5} The record indicates that Defendant became a suspect in a sex offenses case that officers of the Greene County Sheriff's Department were investigating after the alleged victim, a fourteen year old girl, accused Defendant of abusing her. The victim had come to the Sheriff's Department along with her mother, other family members, as well as Defendant Slaven, all voluntarily, at the request of officers. Following the victim's accusation, one of the officers asked Defendant, who was waiting outside and down the street, to come into the Sheriff's Department to be interviewed. An officer gave Defendant a short ride in his cruiser back to the Sheriff's Department and escorted Defendant to an interview room. Defendant was not handcuffed.
 {¶ 6} The trial court evaluated the facts and *Page 4 
circumstances surrounding Defendant's interrogation in relation to the ten-point analysis in State v. Estepp (Nov. 20, 1997), Montgomery App. No. 16279. The court found that while Defendant was clearly a suspect, he was told both when he was picked up on the street and in the interview that he was not under arrest. The court further found that "[d]uring the same time (Defendant) did not ask to leave the interview room nor did he ask for an attorney or express any desire to terminate the conversation or interview." (Dkt. 28, p. 3).
 {¶ 7} The court further found that "during the interview Defendant was allowed to use the restroom but was denied the opportunity to speak with the victim or the victim's mother in the course of his interview with the police (,) with the police explanation that they were being separately interviewed at that time and (police) did not intend to interrupt that aspect of the investigation. At one point Defendant asked to smoke a cigarette outside with the officers by requesting permission to do so but the response was of a nature where the Defendant did not further pursue that request nor did he (sic) chose to terminate the interview subsequent to this request." (Id., p. 3-4).
 {¶ 8} The court found that Defendant "was not handcuffed and no threats were made during the interrogation," and though *Page 5 
that interrogation "was significantly dominated by police questioning," "the police did not overpower, trick, or coerce the Defendant into providing any statements and the interview was not unduly long." (Id., p. 6).
 {¶ 9} Noting that the mere fact that the interrogation took place at the Sheriff's Department does not require a finding of custodial interrogation, Oregon v. Mathiason (1977), 429 U.S. 492, 97 S.Ct. 711,50 L.Ed.2d 714, the court found that on the record before it Defendant "was not in custody" and that his statements were "voluntary"(Id. P. 7), avoiding the need for prior Miranda warnings. The court denied Defendant's motion to suppress his statements on that finding.
 {¶ 10} "At a suppression hearing, the trial court serves as the trier of fact and must judge the credibility of the witnesses and the weight of the evidence. When reviewing a trial court's decision on a motion to suppress, an appellate court accepts the trial court's factual findings, relies upon the trial court's ability to assess the credibility of witnesses, and independently determines, `without deference to the trial court, whether the trial court has applied the appropriate legal standard.'" State v. Baker (1997), 118 Ohio App.3d 654, 658 (internal citations omitted). An appellate *Page 6 
court is bound to accept the trial court's factual findings so long as those findings are supported by competent, credible evidence. State v.Armstrong (1995), 103 Ohio App.3d 416.
 {¶ 11} Defendant argues that the factual findings the trial court made are not supported by competent, credible evidence, and that the defect undermines the court's conclusion of law that Defendant was not in custody for purposes of Miranda. Defendant disputes the findings that Defendant was told that he was not under arrest, and he contends that officers "used very harsh language" in questioning him. He also states that he not once but twice asked to go outside to smoke a cigarette. He contends that he was not permitted to leave the interview room when he asked to, and that officers cursed him, calling Defendant a liar and threatening to go to the prosecutors. (Brief, pp. 6-8).
 {¶ 12} We are not convinced that the matters Defendant cites are sufficient to undermine the trial court's conclusion that Defendant was not in custody, but we also reject his contentions for a more fundamental reason. App. R. 16(A)(7) requires an appellant to include in its brief an argument containing the contentions of the appellant with respect to each assignment of error presented for review, with citations to the parts of the record on which appellant relies. *Page 7 
App. R. 16(D) provides that such references shall be to the pages of the parts of the record involved, by page number. Defendant failed to do that with respect to the factual matters he cites.
 {¶ 13} The first assignment of error is overruled.
 Conclusion {¶ 14} Having sustained Defendant's second assignment of error, we will reverse the sentences the trial court imposed and remand for resentencing consistent with this opinion. The judgment from which this appeal was taken is otherwise affirmed.
DONOVAN, P.J. And WOLFF, J., concur.
Copies mailed to:
Stephanie R. Hayden, Esq., Robert K. Hendrix, Esq., Hon. Stephen A. Wolaver. *Page 1