[Cite as *State v. Rowe*, 2013-Ohio-719.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                    :

    Plaintiff-Appellee           :          C.A. CASE NO.    25127

v.                               :          T.C. NO.    90CR3522

KEVIN W. ROWE                    :          (Criminal appeal from
                                             Common Pleas Court)
    Defendant-Appellant          :

                                 :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____1st____ day of ____March____, 2013.

. . . . . . . . . .

MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

KEVIN W. ROWE, #239053, Chillicothe Correctional Institute, P. O. Box 5500, Chillicothe, Ohio 45601
    Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1}   Kevin W. Rowe appeals from a judgment of the Montgomery County

Court of Common Pleas, which denied, without a hearing, his "Motion to Compel State and Trial Court to Honor Legal Contract," i.e., his plea agreement. For the following reasons, the trial court's judgment will be affirmed.

{¶ 2} On December 8, 1990, Rowe stabbed Roger Zimmerman in his chest and back, causing his death. Rowe pled guilty to one count of murder in April 1991. In exchange for the plea, the State agreed not to pursue charges of aggravated murder and aggravated robbery arising out of Rowe's encounter with Zimmerman, as well as an unrelated charge of aggravated burglary concerning the residence of another person.

{¶ 3} At his plea hearing, Rowe acknowledged that he understood that the court, by law, must sentence him to not less than 15 years to a maximum of life in prison. The court also asked him:

> THE COURT: Has anyone promised you probation or anything else to get you to give up these rights other than the agreement of the State not to pursue the more serious aggravated murder charge, not to pursue the aggravated robbery charge, and not to pursue the aggravated burglary charge against you? Have they promised you anything other than that to get you to give up those rights and enter this plea?
>
> MR. ROWE: No.

At the conclusion of the plea hearing, the trial court found that Rowe admitted that he committed acts which, if established at trial, would support his conviction, that Rowe understood his constitutional rights, that he understood the maximum penalty, that he understood that he was not eligible for probation, and that he voluntarily and intelligently

waived his rights in open court.

**{¶ 4}** Rowe signed a written plea agreement, which stated that the terms of the plea agreement "have been set forth on the record, and the Defendant approved of them before signing the entry." The form further indicated that the penalty that may be imposed is "AN INDEFINITE TERM OF IMPRISONMENT IN A PENAL INSTITUTION WITH A MINIMUM OF <u>15</u> YEAR(S), WHICH <u>IS NOT</u> * * * ACTUAL INCARCERATION, AND A MAXIMUM OF <u>LIFE</u> YEAR(S)." (The underlined portions were handwritten.)

**{¶ 5}** Immediately after the plea hearing, the trial court sentenced Rowe to an indefinite term of 15 years to life in prison. A written judgment entry reflecting the sentence was filed on April 5, 1991. Rowe attempted to pursue a delayed appeal in 2000, but his request was denied and the appeal was dismissed. *State v. Rowe*, 2d Dist. Montgomery No. 18339, Decision and Final Judgment Entry (Dec. 7, 2000).

**{¶ 6}** Beginning in 1999, Rowe filed various motions with the trial court, including a petition for post-conviction relief, a motion to withdraw his plea, and a motion to obtain DNA testing of the blood evidence; none of the motions specifically addressed the terms of Rowe's plea. All of the motions were denied, and Rowe did not appeal these rulings.

**{¶ 7}** In October 2011 (more than 20 years after his plea), Rowe filed a "Motion to Compel State and Trial Court to Honor Legal Contract: Specific Performance." He claimed that the prosecutor expressly promised him, as part of the plea agreement, that he would serve 15 years in prison if he behaved and up to life in prison if he "did not follow the rules." Rowe asserted that the State breached the plea agreement by permitting the parole board to

determine when he would be released from prison and providing information to the parole board for its consideration. Rowe stated: "Plaintiff is not seeking to withdraw his plea. Rather he is seeking an order enforcing the plea agreement made by the State and the Courts, 15 years with no additional time except for sanctions for 'bad behavior.'" Rowe requested a hearing on his motion and asked that he be resentenced to a term of 15 years, with additional time only for bad behavior.

{¶ 8} The trial court denied Rowe's motion without a hearing. It found that Rowe executed a knowing, intelligent and voluntary waiver of his rights when he entered his guilty plea and that, as part of the plea, he was advised of and agreed to serve "the length of time enumerated by law." The court further indicated that it lacked authority to modify or reconsider Rowe's sentence.

{¶ 9} Rowe appeals from the trial court's denial of his motion to compel, raising three assignments of error.

{¶ 10} In his first and second assignments of error, Rowe claims that the trial court should have granted him a hearing on his motion and concluded that the State breached the plea agreement. Rowe argues that he reasonably understood the plea agreement to mean that he would be released after 15 years, absent bad behavior, and that the State breached the agreement by allowing the Adult Parole Authority to determine his release date.

{¶ 11} Plea agreements are contractual in nature and are subject to contract law principles. *Smith v. Ohio Adult Parole Authority*, 2d Dist. Champaign No. 2009 CA 22, 2010-Ohio-1131, ¶ 36; *State v. Dillon,* 2d Dist. Darke No. 05 CA 1674, 2006-Ohio-4931, ¶ 21. If one party breaches the plea agreement, the remedies for the breach include the

traditional contractual remedies of rescission and specific performance. *State v. Johnson,* 2d Dist. Greene No. 06 CA 43, 2007-Ohio-1743, ¶ 20, citing *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

{¶ 12}   In this case, we find nothing in the record to support Rowe's contention that the State or the trial court promised Rowe that he would serve exactly 15 years in prison, absent bad behavior.   At the time of Rowe's plea and conviction, R.C. 2929.02(B) specified that the penalty for murder was imprisonment for "an indefinite term of fifteen years to life."[1]   Consistent with the statute, Rowe's written plea agreement indicated that he was subject to an indefinite prison term, with a minimum term of 15 years and a maximum of life in prison.

{¶ 13}   According to the transcript of the plea hearing, defense counsel told the trial court that Rowe knew the potential penalties for aggravated murder, aggravated robbery, and aggravated burglary, and that "[i]n order to avoid those potentialities and the possibility of having some very serious sentences running consecutive with one another, we are prepared to enter a guilty plea to one count of murder.   Kevin [Rowe] knows that this carries a fifteen-to-life sentence."   When asked if this statement was correct, Rowe responded, "Yes, sir."   The trial court later asked Rowe if he understood "that if the Court accepts your plea, that you must by law be sentenced to an indeterminate term of not less than 15 years to a maximum of life in prison."   Rowe replied, "Yes, Your Honor."   And, as quoted above, when asked whether he had been promised anything to induce his plea, other than the State's agreement not to pursue aggravated murder, aggravated robbery, and aggravated burglary

---

[1] The penalty for murder has not changed since Rowe pled in 1991.

charges, Rowe responded, "No."

{¶ 14}　In short, there is nothing in the record that reflects any promise by the State or the trial court that Rowe would be released after serving 15 years in prison. Rowe's subjective belief that he would be released after 15 years is insufficient to establish that the plea agreement included any such promise by the State. Rowe asserts that his defense counsel also "made it abundantly clear" that he would be released after 15 years. Even if this allegation were true, any misrepresentation by defense counsel to Rowe regarding the terms of the plea agreement would not alter the actual terms between Rowe and the State, as set forth in the plea agreement and in open court. We find no error in the trial court's denial, without a hearing, of Rowe's motion to compel.

{¶ 15}　The first and second assignments of error are overruled.

{¶ 16}　In his third assignment of error, Rowe claims that the Adult Parole Authority's use of revised parole guidelines to determine his release date violates the Ex Post Facto Clause. Rowe did not challenge the APA's application of revised parole guidelines in his motion to compel. Accordingly, we need not address this issue on appeal. Regardless, even if that issue had been raised, we would find it to be without merit. *See Smith v. Ohio Adult Parole Authority*, 2d Dist. Champaign No. 2009 CA 22, 2010-Ohio-1131.

{¶ 17}　The third assignment of error is overruled.

{¶ 18}　The trial court's judgment will be affirmed.

. . . . . . . . . .

FAIN, P.J. and WELBAUM, J., concur.

Copies mailed to:

Michele D. Phipps
Kevin W. Rowe
Hon. Frances E. McGee