OPINION
{¶ 1} Pursuant to a plea agreement, Defendant pled guilty to two counts of rape of a child under thirteen. R.C. 2907.02(A)(1)(b). The parties agreed that a twenty year sentence would be imposed. In exchange, the State dismissed four other identical rape charges that were pending. The trial court sentenced Defendant to consecutive ten years terms on each count for a total of twenty years.
 {¶ 2} Defendant timely appealed to this court from his conviction and sentence. Defendant's appellate counsel filed an Anders brief, Anders v.California (1967), 386 U.S. 738, stating that he could not find any meritorious issues for appellate review. We notified Defendant of his appellate counsel's representations and afforded him ample time to file a pro se brief. None has been received. This matter is now ready for decision on the merits.
 {¶ 3} Appellate counsel has identified two potential issues that might arguably support an appeal, which we will address.
 {¶ 4} "Appellant did not fully understand his constitutional rights prior to pleading guilty."
 {¶ 5} A review of the record of the plea hearing in this case reveals that the trial court substantially complied with Crim.R. 11(C)(2) in accepting Defendant's guilty pleas. State v. Stewart (1977),51 Ohio St.2d 86. Defendant acknowledged that he understood the plea agreement whereby he would plead guilty to two counts of rape in exchange for a dismissal of four other rape charges, and an agreed twenty year prison sentence would be imposed. Defendant stated that his pleas were voluntary and not the product of any threats, coercion or promises. Defendant further acknowledged that he understood: the nature of the charges to which he was pleading guilty, that his guilty pleas were a complete admission of the truth of the charges, that an agreed consecutive sentence of ten years on each count, for a total of twenty years, would be imposed, and the constitutional trial rights that he was giving up by pleading guilty.
 {¶ 6} This record amply demonstrates that Defendant subjectively understood the implications of his plea and the rights he was waiving.State v. Nero (1990), 56 Ohio St.3d 106. Accordingly, the trial court properly accepted Defendant's guilty pleas. This issue has no arguable merit.
 {¶ 7} "The trial judge did not consider all necessary factors prior to determining sentence to the detriment of appellant."
 {¶ 8} As another possible issue for appeal, appellate counsel complains that the trial court did not consider the overriding purposes of felony sentencing and the seriousness and recidivism factors as required by R.C. 2929.11 and 2929.12.
 {¶ 9} A review of this record amply demonstrates that as part of the plea agreement Defendant and the State agreed to a twenty year sentence, and the trial court imposed that recommended sentence. Under those circumstances, Defendant's sentence is not reviewable on appeal. R.C.2953.08(D). This issue has no arguable merit.
 {¶ 10} In addition to reviewing the two arguable issues raised by appellate counsel, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit. Thus, Defendant's appeal is without merit and the judgment of the trial court will be affirmed.
Brogan, P.J. And Wolff, J., concur.