OPINION
{¶ 1} Defendant entered a plea of guilty to an amended charge of burglary, a third degree felony in violation of R.C. 2911.12(A)(3). In exchange, the State dismissed a firearm specification attached to that offense, and a second count of burglary. The parties agreed to and recommended a three-year prison sentence, which the trial court imposed.
 {¶ 2} Defendant timely appealed to this court from his conviction and sentence. Defendant's appellate counsel filed a brief pursuant to Andersv. California (1967), 386 U.S. 738, stating that he could not find any meritorious issues for appellate review. We notified Defendant of his appellate counsel's representations and afforded him ample time to file a pro se brief. None has been received. This matter is now ready for decision on the merits.
 {¶ 3} We agree with Defendant's appellate counsel that the three year sentence jointly recommended by the parties and imposed by the trial court is not reviewable on appeal. R.C. 2953.08(D); State v. Berryman
(May 13, 2005), Montgomery App. No. 20611, 2005-Ohio-2531.
 {¶ 4} Appellant's counsel has identified one potential issue that might arguably support an appeal.
 {¶ 5} "APPELLANT DID NOT FULLY UNDERSTAND HIS CONSTITUTIONAL RIGHTS PRIOR TO PLEADING GUILTY."
 {¶ 6} The trial court errs when it accepts a guilty plea without an affirmative showing that the defendant knowingly and intelligently waived the constitutional rights which his plea relinquished. Boykin v. Alabama
(1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed. 274. Those rights are the privilege against self-incrimination, the right to trial by jury, and the right to confront one's accusers. State v. Ballard (1981),66 Ohio St.3d 473. The court's compliance with Crim.R. 11(C) creates a presumption that those requirements were satisfied. Id. Substantial compliance, if shown, is sufficient. State v. Stewart (1977),51 Ohio St.2d 86.
 {¶ 7} A review of the record amply demonstrates that the court substantially complied with Crim.R. 11(C) before accepting Defendant's guilty plea. Defendant acknowledged that he understood the plea agreement whereby he would plead guilty to third degree felony burglary in exchange for a dismissal of the accompanying gun specification and another pending burglary charge, and that an agreed three year prison sentence would be imposed. Defendant stated that his pleas were voluntary and not the product of any threats, coercion or promises. Defendant further acknowledged that he understood the nature of the charges to which he was pleading guilty, that community control was not an option, and that an agreed sentence of three years would be imposed. The court also determined that he understood the constitutional trial rights he was giving up by pleading guilty.
 {¶ 8} This record amply demonstrates that Defendant subjectively understood the implications of his plea and the rights he was waiving.State v. Nero (1990), 56 Ohio St.3d 106. Accordingly, the trial court properly accepted Defendant's guilty pleas. A contrary claim has no arguable merit.
 {¶ 9} In addition to reviewing the one arguable issue raised by appellate counsel, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit. Thus, Defendant's appeal is without merit and the judgment of the trial court will be affirmed.
Brogan, P.J. And Donovan, J., concur.