[Cite as *State v. Wilson*, 2011-Ohio-5990.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                              :

    Plaintiff-Appellee                    :        C.A. CASE NO.    24352

v.                                         :        T.C. NO.    96CR1019

LAWRENCE E. WILSON                         :          (Criminal appeal from
                                                      Common Pleas Court)
    Defendant-Appellant               :


                                           :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____18th____ day of ____November____, 2011.

. . . . . . . . . .

CARLEY J. INGRAM, Atty. Reg. No. 0020084, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

LAWRENCE E. WILSON, #349229, Madison Correctional Institute, P. O. Box 740, London, Ohio 43140
    Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1}  Lawrence Wilson was convicted in 1997 for rape of a child under the age of thirteen.  In its termination entry, the trial court sentenced him to nine to twenty-five years of imprisonment, describing the offense, incorrectly, as a felony of the first degree.  One

month later, the trial court amended its termination entry to state that the offense had been an *aggravated* felony of the first degree. The sentence that had originally been imposed was proper for an aggravated felony of the first degree, so the trial court's amendment of the termination entry did not affect the sentence that Wilson was ordered to serve. Since that time, Wilson has challenged the validity of his sentence in numerous court proceedings, many of which will be discussed below.

{¶ 2} Most recently, in June 2010, Wilson filed a "Motion for Judgment" in the trial court, which requested that the court rule on a "Motion to Correct Void Sentence" that he filed in January 2009. Both of these motions argued that, in various respects, the trial court had acted improperly and/or exceeded its authority in amending the termination entry in 1997. On October 27, 2010, the trial court overruled the Motion to Correct Void Sentence. The court cited several reasons for its decision, including res judicata and the untimeliness of the motion.

{¶ 3} Wilson appeals, pro se, raising one assignment of error.

{¶ 4} "THE TRIAL COURT EXCEEDED ITS AUTHORITY IN DENYING APPELLANT'S MOTION TO CORRECT A VOID SENTENCE, BECAUSE HIS SENTENCE IS VOID, IN VIOLATION OF THE DUE PROCESS CLAUSES OF BOTH THE UNITED STATES AND THE OHIO CONSTITUTIONS."

{¶ 5} Wilson raises several arguments under this assignment of error, all of which relate to the validity of his 1997 sentence.

{¶ 6} First, Wilson contends that the termination entry filed by the trial court was not a final appealable order because it did not state the manner of conviction, i.e., that he

was found guilty by a jury. However, this error was clerical in nature, and the trial court was permitted to – and did – correct it through a nunc pro tunc entry.[1] See *State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, ¶18. Moreover, the Supreme Court recently stated that the finality of a judgment entry is not affected by a trial court's failure to include the manner of conviction. *State v. Lester*, _____ Ohio St.3d _____, 2011-Ohio-5204, ¶12. Thus, Wilson's argument that the judgment entries filed in July and August 1997 were not final appealable orders is without merit.

{¶ 7} Second, Wilson contends that his 1997 sentence is void and must be vacated because the "sentence is not statutorily authorized." He also argues that we, the appellate court, had no jurisdiction to review the sentence on appeal because it was not statutorily authorized. He claims that the sentence articulated in open court differed from the journalized sentence.

{¶ 8} We have already addressed and rejected Wilson's argument. In May 2009, in response to Wilson's pro se petition for a writ of mandamus to correct "a void sentence," we stated:

{¶ 9} "On July 30, 1997, the trial court filed a termination entry sentencing Wilson to prison for nine to twenty-five years for raping a child under the age of thirteen in violation of R.C. 2907.02(A)(1)(b). The termination entry incorrectly identified the pre-Senate Bill 2 offense as an 'F1,' or first-degree felony. On August 25, 1997, the trial court filed an amended termination entry correctly identifying the offense as an aggravated first-degree

---

[1]The trial court filed a nunc pro tunc entry in January 2011 which stated that Wilson was "found Guilty by a Jury Trial."

felony. The amended entry did not alter Wilson's sentence, which was appropriate for a violation of R.C. 2907.02(A)(1)(b). Nor did the trial court increase Wilson's offense level. By statute, a violation of R.C. 2907.02(A)(1)(b) already was an aggravated first-degree felony. The trial court's first termination entry merely failed to recognize that fact.

{¶ 10} "In his petition, Wilson contends the original termination entry and the amended termination entry are void. He appears to believe the first termination entry is void because it failed to identify his crime as an aggravated first-degree felony. This argument lacks merit. As set forth above, Wilson was convicted of raping a child under age thirteen. By statute, this crime was an aggravated first-degree felony. See former R.C. 2907.02(B). The trial court's initial termination entry properly imposed a sentence within the permissible range for an aggravated first-degree felony. The only error was the trial court's incorrect reference to the offense as an 'F1.' This misidentification did not render the initial termination entry void." *State ex rel. Wilson v. McGee* (May 27, 2009), Montgomery App. No. 23333.

{¶ 11} "Under the doctrine of res judicata, '[a] point or a fact which was actually and directly in issue in a former action and was there passed upon and determined by a court of competent jurisdiction may not be drawn in question in any future action between the same parties or their privies, whether the cause of action in the two actions be identical or different.' *Norwood v. McDonald* (1943), 142 Ohio St. 299, paragraph three of the syllabus. 'The law-of-the-case doctrine holds that the decision of the reviewing court in a case remains the law of that case on the questions of law involved for all subsequent proceedings at the trial and appellate levels.' *Nolan v. Nolan* (1984), 11 Ohio St .3d 1."

{¶ 12} *State v. Ulery*, Clark App. No. 2010 CA 89, 2011-Ohio-4549, ¶12.

{¶ 13} Because Wilson raised the argument that his sentence was void in prior proceedings, and we have rejected that argument, the trial court correctly determined that this argument was barred by res judicata.

{¶ 14} Third, Wilson asserts that the trial court's nunc pro tunc entry correcting the termination entry was "invalid" because his appeal was pending when it was filed (which divested the trial court of jurisdiction) and because the court used a nunc pro tunc entry to reflect what the court *should have* decided originally, rather than what it actually decided, in violation of Crim.R. 36.

{¶ 15} We also addressed this argument in our May 2009 Decision and Entry. We stated:

{¶ 16} "[Crim.R. 36] authorizes a court to correct a clerical mistake 'at any time.' The trial court's reference to Wilson's crime as an 'F1' offense plainly was a clerical error. As an initial matter, the offense level was established by statute, not by the trial court's misidentification. More importantly for present purposes, the sentence imposed in the initial termination entry – nine to twenty five years in prison – was available only for an aggravated first-degree felony, not for an ordinary first degree-felony. See former R.C. 2929.11(B)(1). Therefore, the trial court properly recognized and treated the crime as an aggravated first-degree felony, notwithstanding its clerical error in referring to it as an 'F1' rather than an 'AF1.'

{¶ 17} "*** A trial court retains jurisdiction over issues not inconsistent with an appellate court's ability to review, affirm, modify, or reverse an appealed judgment. *State v.*

*Dixon*, Greene App. No. 06-CA-0145, ¶5. The trial court's correction of a clerical error to recognize that Wilson's crime was an aggravated first-degree felony did not interfere with our appellate jurisdiction."

{¶ 18} The trial court did not err in concluding that this argument was barred by res judicata.

{¶ 19} Fourth, Wilson asserts that he was improperly sentenced to an indefinite term under the law as it existed prior to July 1, 1996, and that he should have been sentenced to a definite term under the law as it existed after July 1, 1996. (Wilson's offense was committed in February 1996, but he was sentenced in 1997.) This argument is barred by res judicata, because any problem with the sentence imposed could have been raised on direct appeal. Moreover, Wilson was properly sentenced under the law as it existed prior to July 1, 1996, because his offense was committed prior to that date. See *State v. Rush,* 83 Ohio St.3d 53, 1998-Ohio-423. The amendment of the termination entry, which reflected that the offense was an aggravated first-degree felony rather than a first-degree felony, was not an attempt to manipulate which sentencing statute applied, and it did not have that effect.

{¶ 20} Fifth, Wilson argues that the indictment was void and "did not charge an offense" because it did not adequately name the "underlying offense," did not state the degree of the offense, and was not signed by the grand jury foreman or deputy foreman. We addressed Wilson's argument about the foreman's signature when he appealed from the dismissal of his petition for postconviction relief. *State v. Wilson*, Montgomery App. No. 21738, 2007-Ohio-4885. We concluded that "the signature of the grand jury foreman [was] conspicuously placed below the charges" on the indictment, and that this challenge to the

indictment lacked merit. We also rejected his argument that the indictment was invalid because it failed to define the conduct that gave rise to the charges against him; "the indictment include[d] all the essential elements necessary to inform Wilson of the specific conduct that brought rise to the charges against him." Id. at ¶25-26. We addressed Wilson's argument about the language of the indictment again in our May 2009 Decision and Entry. The trial court properly concluded that these arguments were barred by res judicata.

{¶ 21} Sixth, Wilson contends that, because he had already been transferred to prison and begun serving his sentence when the trial court filed its nunc pro tunc entry correcting the name of the offense, his sentence could not be modified and his "resentencing" was void. He also claims that his "resentencing" was void because he was not present. We addressed this argument in our May 2009 Decision and Entry. We stated: "We are *** unpersuaded by Wilson's argument that the trial court acted without jurisdiction because he had begun serving his sentence and was not present for resentencing. These arguments presume that Wilson was resentenced, but he was not. The trial court merely corrected a clerical error in the first termination entry." Thus, the trial court correctly concluded that this argument was barred by res judicata.

{¶ 22} Seventh, Wilson argues that res judicata cannot apply to a void judgment and that an appellate court cannot affirm a void judgment. We addressed this argument in our May 2009 Decision and Entry, wherein we concluded that Wilson had not demonstrated a clear legal right to have "a void sentence" corrected. "There is no void sentence. *** Even if any of [Wilson's] substantive arguments about the indictment and termination entry had

merit (which they do not), they would render his conviction voidable, not void. The errors he alleges could have been raised in a direct appeal." Thus, these arguments were barred by res judicata.

{¶ 23} Finally, Wilson contends that his trial attorney was dismissed, mid-trial, without a "valid waiver of [his right to] counsel for trial or sentencing." He claims that, as a result, both his original sentence and his amended sentence were void. On direct appeal, we noted that, "[p]art-way through his trial, Wilson insisted on taking over his own defense from his counsel, and did so." *State v. Wilson* (Aug. 7, 1998), Montgomery App. No. 16728 and 16752. We also rejected numerous arguments claiming that Wilson's trial attorney had been ineffective prior to the point when Wilson took over his own defense, as well as Wilson's claims that "his counsel's 'lack of preparedness and unfamiliarity with the intricacies of trial procedure caused [Wilson] *** to elect to proceed pro se.'" Because we rejected Wilson's claim on direct appeal that he was denied his right to counsel, the trial court did not err in finding that this claim was barred by res judicata.

{¶ 24} Wilson's assignment of error is overruled.

{¶ 25} The judgment of the trial court will be affirmed.

. . . . . . . . . .

FAIN, J. and DONOVAN, J., concur.

Copies mailed to:

Carley J. Ingram
Lawrence E. Wilson
Hon. Frances E. McGee