[Cite as *State v. Berryman*, 2012-Ohio-5208.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                          :

    Plaintiff-Appellee              :        C.A. CASE NO. 25081

vs.                                    :        T.C. CASE NO. 2004 CR 852

JONATHAN A. BERRYMAN                   :        (Criminal Appeal from the
                                                Common Pleas Court)

    Defendant-Appellant             :

. . . . . . . . .

**O P I N I O N**

Rendered on the 9th day of November, 2012.

. . . . . . . . .

Mathias H. Heck, Jr., Prosecuting Attorney, by Michele D. Phipps, Assistant Prosecuting Attorney, Atty. Reg. No. 0069829, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

Kent J. Depoorter, Atty. Reg. No. 0058487, 7501 Paragon Road, Lower Level, Dayton, Ohio 45459
        Attorney for Defendant-Appellant

. . . . . . . . .

GRADY, P.J.:

{¶ 1}  Defendant Jonathan Berryman was indicted in March 2004 on six counts of rape of a child under ten years of age, R.C. 2907.02(A)(1)(b), which are unclassified felonies. Pursuant to a plea agreement, Defendant pled guilty to two reduced charges of rape of a child

under 13 years of age, R.C. 2907.02(A)(1)(b), felonies of the first degree. The State dismissed the other four counts and agreed to a twenty-year prison sentence, which the trial court imposed. Defendant appealed, and we affirmed his conviction and sentence. *State v. Berryman,* 2d Dist. Montgomery No. 20611, 2005-Ohio-2531. Defendant also filed a petition for post-conviction relief, which the trial court overruled.

{¶ 2}   In January 2012, Defendant filed a motion for re-sentencing on a claim that the trial court failed to properly impose post-release control. The following month, Defendant was brought back before the court and was re-sentenced to include a mandatory term of five years of post-release control. The trial court also advised Defendant of its intent to correct additional errors in his original judgment of conviction.

{¶ 3}   The judgment of conviction incorrectly stated that Defendant was convicted of two counts of rape of a child under ten, unclassified felonies, when, in fact, Defendant pled guilty and was convicted of two counts of rape of a child under 13, felonies of the first degree. The judgment also did not specify that Defendant was convicted on his guilty plea. The amended judgment of conviction *nunc pro tunc* not only imposed post-release control, but also included the manner of Defendant's conviction and corrected the degree of the offenses of which he was convicted.

{¶ 4}   Defendant appeals raising one assignment of error, claiming that because the deficiencies of his original judgment of conviction, it was not a final appealable order. Therefore, Defendant argues he is entitled to directly appeal his conviction and sentence on the basis of the trial court's judgment of conviction entered *nunc pro tunc*.

{¶ 5}   Defendant's assignment of error:

"DEFENDANT SHOULD BE ALLOWED TO DIRECTLY APPEAL HIS CONVICTION BECAUSE THE ORIGINAL TERMINATION ENTRY WAS NOT A FINAL, APPEALABLE ORDER DUE TO THE FACT THAT IT DID NOT MEET THE REQUIREMENTS SET FORTH BY BAKER AND CRIM.R. 32(C) REGARDING APPELLANT'S CONVICTION."

{¶ 6} Criminal Rule 32(C) states:

A judgment of conviction shall set forth the plea, the verdict, or findings, upon which each conviction is based, and the sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered upon the journal by the clerk.

{¶ 7} The Ohio Supreme Court has explained that the purpose of Crim.R. 32(C) is to ensure that a convicted defendant is on notice regarding the fact that a final judgment has been entered and the time for filing a notice of appeal has begun to run. *State v. Lester,* 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 10, citing *State v. Tripodo,* 50 Ohio St.2d 124, 127, 363 N.E.2d 719 (1950); App.R. 4(A). In keeping with that purpose, the Court held that "[a] judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *Id.* at paragraph one of the syllabus

(Crim.R. 32(C) explained; *State v. Baker,* 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, modified).

**{¶ 8}** Defendant's argument that his original judgment of conviction was not a final appealable order because it failed to state the manner of his conviction must fail, because the Ohio Supreme Court has rejected that precise claim. *Lester,* at ¶ 12.

**{¶ 9}** We next turn to Defendant's argument that when the trial court corrected the degree of the offenses *nunc pro tunc*, "the offense for which Appellant was originally convicted was completely changed." That is simply not true.

**{¶ 10}** The record before us provides an abundance of evidence that Defendant was fully aware that he had been convicted of two counts of rape of a child under 13, felonies of the first degree. For example, Defendant was sentenced for first-degree felonies, not unclassified felonies. Additionally, in his September 9, 2004 *pro se* petition for post-conviction relief, Defendant accurately stated that although he had been indicted for rape of a child under ten, he had been convicted of rape of a child under 13. Moreover, our decision in Defendant's direct appeal also clearly demonstrates that Defendant was convicted of two counts of rape of a child under thirteen, felonies of the first degree. *Berryman,* supra, at ¶ 1. Finally, had Defendant been convicted of unclassified felonies, rather than first-degree felonies, he would not have been eligible for post-release control. *State v. Clark,* 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 36.

**{¶ 11}** In other words, there is no doubt that Defendant was on notice that a final judgment was entered and when a notice of appeal needed to be filed, in fulfillment of the purpose of Crim.R. 32(C).

**{¶ 12}** We have previously held that a *nunc pro tunc* judgment is an appropriate means of correcting a judgment that misstates the degree of the defendant's offense, when the *nunc pro tunc* judgment neither elevated the degree of the offense nor altered the defendant's sentence. *State v. Wilson,* 2d Dist. Montgomery No. 24352, 2011-Ohio-5990. *Accord, State v. Boles,* 2d Dist. Montgomery No. 23037, 2011-Ohio-3720 (remanded for trial court to enter *nunc pro tunc* judgment reflecting that Boles had been convicted of rape, but not forcible rape). Such a correction is properly made by a *nunc pro tunc* entry because it "is mechanical in nature and apparent on the record and does not involve a legal decision or judgment." *Lester,* at ¶ 18, citing *State v. Miller,* 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 15.

**{¶ 13}** Courts possess inherent authority to correct clerical errors in judgment entries so that the record speaks the truth. *Id.* at ¶ 18, citing *State ex rel. Fogle v. Steiner,* 74 Ohio St.3d 158, 163-164, 656 N.E.2d 1288 (1995); Crim.R. 36 ("Clerical errors in judgment, orders, or other parts of the record, and error in the record arising from oversight or omission, may be corrected by the court at any time.") A *nunc pro tunc* entry is an appropriate vehicle by which a trial court may correct a judgment of conviction that contains errors caused by oversight or omission. *State ex rel. DeWine v. Burge,* 128 Ohio St.3d 236, 2011-Ohio-235, ¶ 17. Such an entry is to be used to reflect what a trial court actually did, not what the court might or should have done. *Id.*, citing *State ex rel. Mayer v. Hensen,* 97 Ohio St.3d 276, 2001-Ohio-6323, 779 N.E.2d 223, ¶ 14.

**{¶ 14}** In this case the trial court's *nunc pro tunc* judgment of conviction was entered in order to accurately reflect what the trial court actually did, that is, convict Defendant

pursuant to his guilty plea of two counts of rape of a child under 13, felonies of the first degree. The entry also specified that Defendant is subject to the mandatory term of post-release control. These are proper uses of a *nunc pro tunc* entry, and such an entry was an appropriate means of correcting the errors in the original judgment of conviction.

{¶ 15} Finally, we point out that a *nunc pro tunc* entry issued to correct a clerical error in a judgment of conviction is not a new final order from which a new appeal may be taken. *Lester,* at paragraph two of the syllabus. Therefore, regardless of the clerical errors in Defendant's original judgment of conviction, he is not entitled to a new direct appeal taken from the *nunc pro tunc* entry correcting those errors.

{¶ 16} Defendant's assignment of error is overruled. The judgment of the trial court will be affirmed.

Donovan, J., And Hall, J., concur.

**Copies mailed to:**

**Michele D. Phipps, Esq.**
**Kent J. Depoorter, Esq.**
**Hon. Mary Lynn Wiseman**