[Cite as *State v. Berryman*, 2016-Ohio-3353.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 26852 |
| | : | |
| v. | : | T.C. NO. 04CR852 |
| | : | |
| JONATHAN A. BERRYMAN | : | (Criminal appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the _____10th_____ day of _____June_____, 2016.

. . . . . . . . . .

MICHELE D. PHIPPS, Atty, Reg. No. 0069829, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

JONATHAN A. BERRYMAN, #475-429, London Correctional Institute, P. O. Box 69, London, Ohio 43140
     Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, P.J.

{¶ 1} Defendant-appellant Jonathan A. Berryman, pro se, appeals a decision of the Montgomery County Court of Common Pleas, Criminal Division, overruling his "Motion for Resentencing Sentence Contrary to Ohio Law Pursuant to Crim.R. 52(B)." Berryman

filed a timely notice of appeal with this Court on October 1, 2015.

{¶ 2} Berryman was indicted on March 12, 2004, for six counts of rape (victim less than ten years old), in violation of R.C. 2907.02(A)(1)(b). Thereafter, Berryman pled guilty to two reduced charges of rape of a child under thirteen, in violation of R.C. 2907.02(A)(1)(b), both felonies of the first degree. On June 17, 2004, the trial court accepted Berryman's plea and sentenced him to ten years in prison on each rape count, to be served consecutively for an aggregate sentence of twenty years. Berryman appealed his conviction and sentence, and his appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We subsequently affirmed Berryman's conviction and sentence in *State v. Berryman*, 2d Dist. Montgomery No. 20611, 2005-Ohio-2531 (hereinafter "*Berryman I*"). On September 9, 2004, Berryman filed a post-conviction petition to vacate his sentence. The trial court overruled Berryman's petition on October 1, 2004, and he did not appeal its decision.

{¶ 3} In January 2012, Berryman filed a motion for re-sentencing on a claim that the trial court failed to properly impose post-release control. The following month, Berryman was brought back before the trial court and was re-sentenced to include a mandatory term of five years of post-release control. The trial court also advised Berryman of its intent to correct additional errors in his original judgment of conviction.

{¶ 4} Specifically, the original judgment of conviction incorrectly stated that Berryman was convicted of two counts of rape of a child under ten, unclassified felonies, when, in fact, he pled guilty and was convicted of two counts of rape of a child under 13, felonies of the first degree. The judgment also did not specify that Berryman was convicted on his guilty pleas. The amended judgment of conviction nunc pro

tunc therefore imposed post-release control, included the manner of Berryman's conviction, and corrected the degree of the offenses for which he was convicted. Berryman appealed the trial court's judgment. We affirmed the judgment of the trial court in *State v. Berryman*, 2d Dist. Montgomery No. 25081, 2012-Ohio-5208 (hereinafter "*Berryman II*").

{¶ 5} On February 3, 2014, Berryman filed a motion for relief from judgment in which he argued that the trial court failed to conduct a hearing in order to determine whether the offenses to which he pled guilty were allied offenses of similar import. The trial court denied Berryman's motion, holding that it was barred by res judicata. Berryman did not appeal the trial court's decision.

{¶ 6} On June 16, 2014, Berryman filed a motion to modify his sentence and requested a hearing. The trial court denied Berryman's motion in a decision issued on December 11, 2014, and he did not appeal.

{¶ 7} On August 4, 2015, Berryman filed his "Motion for Resentencing Sentence Contrary to Ohio Law Pursuant to Crim.R. 52(B)." In his motion, Berryman argued that he was entitled to a hearing in order to determine whether the offenses to which he pled guilty were allied offenses of similar import. Noting that the two counts of the indictment to which he pled guilty both relate to sexual conduct alleged to have occurred on March 5, 2004, Defendant argues that "both offenses were committed from a single incident," and thus should have been merged for sentencing purposes. The trial court overruled Berryman's motion in a decision issued on September 1, 2015.

{¶ 8} It is from this judgment that Berryman now appeals.

{¶ 9} Berryman's sole assignment of error is as follows:

{¶ 10} "BECAUSE DEFENDANT FAILED TO OBJECT TO HIS SENTENCES IN THE TRIAL COURT, DID HE FORFEIT APPELLATE REVIEW OF THE ARGUMENT THAT THE TRIAL COURT COMMITTED PLAIN ERROR PURSUANT TO CRIM.R. 52(B) FOR FAILING TO HOLD A MERGER HEARING AFTER DEMONSTRATING THERE WAS A FACIAL SHOWING OF ALLIED OFFENSES ON THE RECORD ON APPEAL PURSUANT TO THE HOLDING IN *STATE V. ROGERS* JUNE 24TH DECISION 2015-OHIO-2459."

{¶ 11} In his sole assignment, Berryman contends that the trial court committed plain error when it overruled his post-conviction motion for resentencing. Specifically, Berryman argues that pursuant to the Ohio Supreme Court's holding in *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, the trial court was required to hold a hearing to determine whether the two counts of rape (victim less than thirteen years of age) to which he pled guilty were allied offenses and therefore subject to merger.

{¶ 12} Post-conviction relief is governed by R.C. 2953.21. The statute provides, in pertinent part, that:

Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting

affidavit and other documentary evidence in support of the claim for relief. R.C. 2953.21(A)(1)(a).

{¶ 13} "A post[-]conviction proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judgment." *State v. Stefen,* 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994). *See also State v. Gondor,* 112 Ohio St.3d 377, 2006–Ohio–6679, 860 N.E.2d 77, ¶ 48. To prevail on a petition for post-conviction relief, the defendant must establish a violation of his constitutional rights which renders the judgment of conviction void or voidable. R.C. 2953.21.

{¶ 14} The post-conviction relief statutes do "not expressly mandate a hearing for every post-conviction relief petition and, therefore, a hearing is not automatically required." *State v. Jackson,* 64 Ohio St.2d 107, 110, 413 N.E.2d 819 (1980). Rather, in addressing a petition for post-conviction relief, a trial court plays a gatekeeping role as to whether a defendant will receive a hearing. *Gondor* at ¶ 51. A trial court may dismiss a petition for post-conviction relief without a hearing "where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999), paragraph two of the syllabus; *Gondor* at ¶ 51.

{¶ 15} We review the trial court's denial of Berryman's petition for an abuse of discretion. *Gondor* at ¶ 52. As the Supreme Court of Ohio determined:

"Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. (Internal citation omitted). It is to be expected that most instances of abuse of discretion will result in

decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo,* would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result.

*AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 16} Initially, we note that *Rogers* has no applicability to the instant appeal. In *Rogers*, the Ohio Supreme Court held that an accused's failure to seek merger in the trial court of allied offenses of similar import forfeits on appeal all but plain error. *Rogers*, however, was a direct appeal case, unlike the instant appeal where Berryman seeks to raise the merger issue in a post-conviction petition approximately twelve years after he was originally convicted and sentenced. The record establishes that Berryman failed to raise the merger during his original sentencing or on direct appeal. Therefore, *Rogers* is clearly distinguishable from the instant case.

{¶ 17} Additionally, Berryman's motion is the functional equivalent of a petition for post-conviction relief, which was untimely because it was not filed within 365 days after the trial transcript was filed with this court in Berryman's direct appeal.[1] *See* R.C.

---

[1] Effective March 23, 2015, the deadline for filing petitions for post-conviction relief was changed from 180 days after the date on which the trial transcript is filed with the appellate court in the direct appeal to 365 days. Sub.H.B. 663, 2014 Ohio Laws 179. Under either deadline, Berryman's motion is untimely, as he filed the trial transcript with this court on February 22, 2005, and then filed his post-conviction motion to vacate and correct

2953.21(A)(2). In addition, none of the statutory exceptions for filing untimely petitions apply here. *See* R.C. 2953.23(A).

**{¶ 18}** More importantly, Berryman's allied-offense argument is barred by res judicata because he was required to raise that argument during his direct appeal. *See State v. Reid,* 2d Dist. Montgomery No. 25790, 2014–Ohio–1282, ¶ 7–9. In *Reid* we stated the following:

> "Pursuant to the doctrine of res judicata, a valid final judgment on the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Collins,* 2d Dist. Montgomery No. 25612, 2013–Ohio–3645, ¶ 9, citing *Grava v. Parkman Twp.,* 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995). Moreover, "[a]rguments challenging the imposition of a sentence that is voidable are barred by the doctrine of res judicata if not raised on direct appeal." *State v. Simons,* 2d Dist. Champaign No. 2013 CA 5, 2013–Ohio–3654, ¶ 42, citing *State v. Simpkins,* 117 Ohio St.3d 420, 2008–Ohio–1197, 884 N.E.2d 568, ¶ 30. (Other citation omitted.) In other words, "defendants with a voidable sentence are entitled to re-sentencing only upon a successful challenge on direct appeal." *Id.* at ¶ 40, quoting *State v. Payne,* 114 Ohio St.3d 502, 2007–Ohio–4642, 873 N.E.2d 306, ¶ 30.

> "[A] voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous." *Id.,* quoting *Simpkins* at ¶ 12. A trial court's failure to

---

sentence on August 4, 2015.

merge allied offenses of similar import renders a defendant's sentence merely voidable. *Id.* at ¶ 41; *State v. Parson,* 2d Dist. Montgomery No. 24641, 2012–Ohio–730, ¶ 9.

*Reid* at ¶s 7-8.

{¶ **19**} The arguments raised in Simons' petition establish, at most, that his sentence is voidable. *Parson,* 2d Dist. Montgomery No. 24641, 2012–Ohio–730. As the defendant failed to do in *Parson,* Berryman does not argue that his sentence is not in conformity with statutorily mandated terms, or is not provided for by law, nor even that his sentence fails to comply with the formal requirements of R.C. 2941.25. Even if we accept that the trial court erred at the time of sentencing when it failed to find that one or more of Berryman's offenses were allied offenses of similar import, Berryman's sentence is merely voidable and not void. *Id.*

{¶ **20**} Because Berryman's sentence, assuming his allied offense argument had merit, would be voidable, he is barred by the doctrine of res judicata from challenging his sentence on those grounds collaterally through his petition for post-conviction relief. *Smith v. Voorhies,* 119 Ohio St.3d 345, 2008–Ohio–4479, 894 N.E.2d 44, ¶ 10–11 ("allied-offense claims are non-jurisdictional," and, thus, barred by the doctrine of res judicata where they were raised, or could have been raised, on direct appeal); *see also State v. Simons*, 2d Dist. Champaign No. 2013 CA 5, 2013-Ohio-3654, ¶ 41-42.

{¶ **21**} Berryman's sole assignment of error is overruled.

{¶ **22**} Berryman's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

FROELICH, J. and WELBAUM, J., concur.

Copies mailed to:

Michele D. Phipps
Jonathan A. Berryman
Hon. Mary L. Wiseman