[Cite as *State v. Smith*, 2017-Ohio-463.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104403**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## THOMAS A. SMITH, JR.

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-596819-A

**BEFORE:** S. Gallagher, J., Kilbane, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** February 9, 2017

**ATTORNEY FOR APPELLANT**

Christina M. Joliat
P.O. Box 391531
Solon, Ohio   44139


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:   Brian D. Kraft
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

SEAN C. GALLAGHER, J.:

{¶1} Appellant, Thomas A. Smith, Jr., appeals his conviction and sentence. Upon review, we affirm. However, we remand the matter for the trial court to issue nunc pro tunc entries to accurately reflect the degree of the offense for Count 3 of the indictment, to which appellant pled guilty and was sentenced.

{¶2} Appellant was charged under a 17-count indictment. The charges stemmed from an incident in which appellant was driving a stolen automobile with seven other passengers. He did not have a driver's license and was under the influence of alcohol. He was racing another vehicle at speeds over 100 m.p.h. with the passengers screaming that he slow down. He lost control of the vehicle and crashed. Three of the passengers lost their lives, and four were severely injured, including appellant.[1]

{¶3} Appellant entered a plea of guilty to three counts of aggravated vehicular homicide, all felonies of the first degree, as charged in Counts 1, 2, and 3 of the indictment; two counts of aggravated vehicular assault, as amended, both felonies of the third degree; and one count of driving under the influence, a misdemeanor of the first degree. The remaining counts were nolled. The trial court sentenced appellant to a total prison term of 23 years, with individual terms run consecutively. The sentence was also run consecutive to two other cases, CR-15-594035-A and CR-14-588693-A, for a total of 25 years. The trial court also imposed five years of postrelease control, ordered restitution, and suspended appellant's driver's license for life.

---

[1] The only passenger wearing a seatbelt was not seriously harmed.

**{¶4}** Appellant timely filed this appeal. He raises three assignments of error for our review.

**{¶5}** Under his first assignment of error, appellant claims his plea was taken in violation of Crim.R. 11. Appellant asserts that the trial court failed to address the penalties for Count 3, aggravated vehicular homicide, which he mistakenly states was a felony of the second degree. However, each of the first three counts, for aggravated vehicular homicide and to which appellant agreed to plead guilty, were felonies of the first degree.

**{¶6}** More specifically, Count 3 of the indictment charged appellant with aggravated vehicular homicide, a felony of the first degree. At the change-of-plea hearing, the offense was stated correctly to be a felony of the first degree, and appellant pled guilty to the offense as charged. The record reflects that the trial court properly advised appellant of the nature of the charges and the potential penalties, including the maximum penalty involved, for the first-degree offenses, as well as the other crimes to which appellant entered a guilty plea. Further, at sentencing, the trial court sentenced appellant to seven years on each of the three first-degree felony offenses, which was within the applicable sentencing range.

**{¶7}** We recognize that the trial court's journal entries filed March 1, 2016, and March 29, 2016, mistakenly reflect Count 3 as a second-degree felony. A nunc pro tunc entry may be used to reflect what actually occurred as supported by the record. *See State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, 943 N.E.2d 1010, ¶ 13.

Accordingly, the case may be remanded to the trial court for the issuance of nunc pro tunc entries that accurately reflect Count 3 as a felony of the first degree. *See State v. Berryman*, 2d Dist. Montgomery No. 25081, 2012-Ohio-5208, ¶ 12.

{¶8} We further find no merit to appellant's contention that his plea was not knowingly, intelligently, or voluntarily made. "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Engle*, 74 Ohio St.3d 525, 527, 1996-Ohio-179, 660 N.E.2d 450. At the plea hearing, the state set forth the plea agreement on the record. The transcript reflects that the court engaged in a thorough colloquy with appellant, that appellant understood the nature of the charges against him and the possible penalties, that the trial court complied with Crim.R. 11, and that appellant's guilty plea was knowingly, intelligently, and voluntarily entered.

{¶9} Nonetheless, appellant references discussions had on the record after his plea was entered. He claims that he communicated his mental instability in a letter to the trial court and that he did not understand the criminal process. The record reflects that the trial court discussed the letter appellant wrote, which indicated he was scared and more unstable every day. Appellant also had been on suicide watch. Appellant indicated he had seen a psychiatrist or psychologist, but it was not helpful. He expressed that he was not having feelings of harming himself at the moment. Defense counsel indicated that appellant had complained of going days without sleep. The court engaged in a discussion with appellant, indicated that it had given consideration to the letter, ordered a presentence investigation report, and referred appellant to the court psychiatric clinic.

Appellant was represented by counsel, and at no time did appellant or his counsel indicate that appellant's plea was not knowingly, intelligently, or voluntarily made.

{¶10} Appellant's first assignment of error is overruled.

{¶11} Under his second assignment of error, appellant claims that he was denied effective assistance of counsel. In order to substantiate a claim of ineffective assistance of counsel, the appellant must show "(1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the proceeding's result would have been different." *State v. Perez*, 124 Ohio St.3d 122, 2009-Ohio-6179, 920 N.E.2d 104, ¶ 200, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. The defendant has the burden of proving his counsel rendered ineffective assistance. *Perez* at ¶ 223.

{¶12} Appellant asserts that his trial counsel's failure to investigate his mental health and failure to request a competency evaluation prejudiced him. There is nothing in the record to show that this prejudiced appellant. The record shows that appellant made a logical decision to accept the state's plea offer and that he engaged in a clear and articulate colloquy with the trial court. When discussing appellant's mental stability, defense counsel indicated that "[appellant's] biggest complaint when I've seen him and my social workers have seen him, he's gone days without sleep. It's part of losing his friends and his involvement in this." Appellant has not shown that his trial counsel was

ineffective for failing to request a competency evaluation, and there is nothing in the record to indicate that the results would have been different had this been done. Appellant's second assignment of error is overruled.

{¶13} Under his third assignment of error, appellant claims his sentence is contrary to law. He claims that the statutorily prescribed factors and mitigating evidence were not properly considered. He further argues that the trial court did not make any findings regarding the minimum sentence, did not properly weigh the sentencing factors, and that the aggregate term exceeds the maximum possible under any one offense.

{¶14} In reviewing felony sentences, appellate courts must apply the plain language of R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1. Under R.C. 2953.08(G)(2), an appellate court must review the record, including the findings underlying the sentence and may increase, reduce, or otherwise modify a sentence or may vacate the sentence and remand for resentencing, only if it clearly and convincingly finds either (1) that the record does not support the trial court's findings under relevant statutes, or (2) that the sentence imposed is otherwise contrary to law.

{¶15} In this matter, all sentences fell within the applicable statutory range. Trial court's have full discretion to impose a sentence within the statutory range. *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus. Moreover, the weight given to the sentencing factors is purely within the

discretion of the trial court. *State v. Jones*, 8th Dist. Cuyahoga No. 104152, 2016-Ohio-8145, ¶ 14.

{¶16} Although the trial court must consider the purposes of felony sentencing set forth in R.C. 2929.11, as well as the sentencing factors set forth in R.C. 2929.12 when sentencing a defendant on a felony, the trial court is not required to discuss the factors on the record. *State v. Wenmoth*, 8th Dist. Cuyahoga No. 103520, 2016-Ohio-5135, ¶ 16; *see also State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31. Consideration of the appropriate factors can be presumed unless affirmatively demonstrated otherwise. *Wenmoth* at ¶ 17. Further, a trial court's statement in its sentencing journal entry that it considered the required statutory factors alone is enough to satisfy its obligations under R.C. 2929.11 and 2929.12. *Id.* Here, the trial court stated in the sentencing entry that it had "considered all required factors of the law" and found that "prison is consistent with the purposes of R.C. 2929.11."

{¶17} Before a trial court may impose consecutive sentences, the court must first make specific findings mandated by R.C. 2929.14(C)(4) and incorporate those findings in the sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. Appellant concedes that the trial court made all the requisite findings for imposing consecutive sentences. Those findings were made at the sentencing hearing and incorporated into the sentencing entry.

{¶18} The record also reflects that before imposing sentence, the court had reviewed the presentence investigation report and mitigation of penalty report. The trial

court heard from the state, defense counsel, and family members of the victims. The court was apprised of appellant's criminal history, mitigating factors, and his expressed remorse. Further, the court recognized the gravity of the senseless tragedy that killed three persons and seriously injured several others.

{¶19} Upon our review, we find that the trial court engaged in the correct analysis, that it made the appropriate findings, that its findings were supported by the record, and that the sentence was not clearly and convincingly contrary to law.

{¶20} Finally, appellant argues that he was not notified of his right to appeal during the sentencing hearing. We find that the failure to do so was harmless and that he suffered no prejudice because his appeal was timely filed.

{¶21} Appellant's third assignment of error is overruled.

{¶22} Judgment affirmed. Case is remanded to the trial court for the issuance of nunc pro tunc entries for the journal entries filed March 1, 2016, and March 29, 2016, in order to accurately reflect Count 3 as a felony of the first degree.

It is ordered that appellee recover from appellant costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for correction and execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY EILEEN KILBANE, P.J., and
MELODY J. STEWART, J., CONCUR